SUSAN WHIDBY, plaintiff in error, vs. JOHN W. LEWIS, Superintendent, etc., defendant in error.

1. This Court will not reverse judgment of the Superior Court, granting a new trial on the ground that the verdict is contrary to the evidence, unless fully satisfied that such judgment is an improper interference with the province of the jury.

Trespass on the case, in Fulton Superior Court. Tried before Judge BULL, at the October Term, 1860.

This action was instituted by Susan Whidby against John W. Lewis, Superintendent of the Western and Atlantic Railroad, to recover damages for the killing of a negro man slave by the name of Cicero, belonging to the plaintiff, and which she alleged was run over and destroyed by the cars of the defendant, through the carelessness and negligence of his agents and employees.

The testimony adduced on the trial established the state of facts following, to-wit: That a demand for settlement had been made by plaintiff before she brought suit, and defendant refused to settle; that on the 17th of July, 1857, a freight train belonging to said railroad had halted in the town of Marietta, Cobb county, in its way to Atlanta, and was standing on the track across a public street and crossing much used and traveled; that whilst the train was thus standing on the track, and across the street so as to obstruct it, the negro

Whidby *vs.* Lewis.

boy that was killed, was upon a wagon loaded with sand, and pulled by two mules, waiting for the train to move off so that he could pass; that after thus waiting for some time the usual signal for starting was given, and the train moved off in the direction of Atlanta; that after the train had passed the crossing and cleared the street the negro started his team across the railroad, when, in order to avoid a collision with an up train just coming into Marietta from Atlanta, the freight train, without any signal, was suddenly reversed and commenced backing, and as the negro, who was urging his mules forward, got his wagon on the track, the backing train struck his wagon and he jumped from the wagon, fell on the track, was run over by the wheels of the car, and almost instantly killed; that the mules had cleared the track, but the wagon was partly crushed; that the negro was named Cicero, was about twenty-two years old, stout built, of good character, belonged to plaintiff, and was worth from $1100 00 to $1300 00.

The fireman of the train stated, in his testimony, that the man at the switch called to the negro and told him not to come on the railroad, that he would be killed by the cars. The fireman also stated that he was on the tender and was looking out, and seeing the boy or his mules on the road, he halloed to the engineer that he would run over the boy. The engineer reversed the engine, throwing her forward so as to prevent a collision with the negro and his team, and put on all the steam, but could not stop in time. Owing to a curve in the road, and the situation of the train, the engineer could not have seen the boy at the time he started across the railroad; the train was running in proper time.

Upon this testimony the jury returned a verdict in favor of the plaintiff for $1250 00 damages, and counsel for defendant moved for a new trial, on the ground:

1st. That the verdict was contrary to law, contrary to the evidence, contrary to the weight of the evidence, and unsupported by the evidence.

The presiding Judge granted the new trial, and the writ of error is prosecuted to reverse that decision.

McLendon *vs* Shackleford.

A. W. STONE, for plaintiff in error.

R. W. SIMS and V. A. GASKILL, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

In the Court below, the Judge ordered a new trial on the ground that the verdict is not sustained by the evidence, and to this ruling the plaintiff excepts.

After a careful review of the evidence, we are not satisfied with the proof that the death of plaintiff's slave was occasioned by the culpable negligence of the defendant, his agents or employees.

If it were so occasioned, there must be some evidence on that point not adduced on the trial, and as the effect of the judgment under review is not to conclude the rights of the parties, but to open the case for a re-hearing, we will not interfere with it.

This Court will not reverse a judgment of the Superior Court, granting a new trial on the ground that the verdict is contrary to the evidence, unless fully satisfied that such judgment is an improper interference with the province of the jury, that Court having facilities to form a right appreciation of the weight of evidence which this Court has not.

Let the judgment be affirmed.