Albert G. Foster, plaintiff in error, *vs.* Alexander S. Reid *et al.*, defendants in error.

The answer of an attorney at law to a rule against him at the instance of his client, for money collected, is not evidence for him except so far as responsive to the rule. He cannot discharge himself by setting up a contract with his client appropriating the claim upon which the collection was made, to an indebtedness to him which would

otherwise be barred by the act of 1869, especially where the other party to such contract is dead.

Attorney and Client. Rule. Evidence. Before Judge BARTLETT. Greene Superior Court. September Term, 1876.

Reported in the decision.

A. REESE; A. G. & F. C. FOSTER, for plaintiff in error.

JOHN C. REID, by brief, for defendants.

WARNER, Chief Justice.

The plaintiffs in the court below, brought a rule against the respondent as an attorney at law, calling upon him to show cause why he should not pay over to them as the heirs at law of Mary Colt, deceased, the amount of a *fi. fa.* collected by him in favor of said Mary Colt, against Caroline F. Carson *et al.* The respondent, in his answer to the rule, admitted that on the first of January, 1872, he received and receipted to the sheriff of Greene county, as attorney at law, on the *fi.fa.* mentioned in the rule, for the sum of $1,215.95, and that in the latter part of 1865, or the early part of 1866, the note, the foundation of the *fi. fa.*, was placed in his hands by Mrs. Colt, the plaintiff therein, upon the agreement and understanding that he was to reduce said note to judgment, collect the same, and pay himself for professional services heretofore rendered for her, according to the bill of particulars annexed to his answer, and that the transaction between himself and Mrs. Colt, when she placed the note, the foundation of the *fi. fa.*, in his hands for collection, was a pledge in law to him of the amount of said *fi. fa.* to the extent of her indebtedness to him, the same being insufficient to discharge said indebtedness. The several items of indebtedness, stated in the respondent's account for professional services, are dated in 1853, 1855, 1856, 1859, 1863, 1865, and September, 1866. The plaintiffs traversed the

respondent's answer, and on the trial thereof, the jury, under the charge of the court, found a verdict against the respondent for the sum of $979.16. The respondent made a motion for a new trial on the following grounds: First, that the court erred in charging the jury "that the answer of the respondent is evidence for him only where it is responsive to the rule. If the rule charges that he received money, and he admits it in his answer that he received the money as charged, this is evidence for him. The respondent cannot charge himself and discharge himself. What he states in his answer, in discharge of his liability, is not evidence for him when his answer is traversed, unless it be responsive to the charges in the rule. As the court understands the law, it is not necessary for movants, in order to recover, to sustain their traverse of the respondent's answer by showing, by competent testimony, that so much of repondent's answer as is not responsive to the charges in the rule, is not true." Second, because the court erred in charging the jury "that so much of the indebtedness of Mary Colt to respondent, set up in his bill of particulars attached to his answer, as was due before the first day of June, 1865, (if the jury should find there are any such items), is barred by the statute of limitations of 1869, and cannot, under the law, be allowed." Third, because the verdict is contrary to law and the evidence. The motion for a new trial was overruled by the court, and the respondent excepted.

Attorneys at law are liable to be ruled for money collected by them as sheriffs are, and when so ruled, their answers may be traversed—Code, §§407, 3954. The charge of the court in relation to the respondent's answer, was substantially correct, according to the ruling of this court in *Murphy vs. The Justices, etc.*, (11 *Ga. Rep.*, 331,) and that being so, it follows that the defendant's answer was not evidence of an appropriation of the note placed in respondent's hands for collection, on which the *fi. fa.* was founded, for the purpose of discharging Mrs. Colt's indebtedness to him for the alleged professional services claimed, so as to prevent the bar of

the statute of limitations of 1869, the more especially as the other party to the alleged contract was dead. In view of the evidence, there was no error in the charge of the court in relation to that point in the case. There being sufficient evidence in the record to sustain the verdict, it was not contrary to law.

Let the judgment of the court below be affirmed.