ELLA GOINS, by next friend, plaintiff in error, vs. THE WESTERN RAILROAD COMPANY OF ALABAMA, defendant in error.

A railroad company permitted excursion tickets to be sold at one dollar each, which entitled the holders to pass over the road from Columbus, Ga., to Opelika, Ala., and return. A part of the contract was, that holders not choosing to return on the excursion train, might come back on any regular train the next day. Among those who exercised this option, was a young lady, who got aboard the first regular train next day, and was informed by the conductor that, without making himself responsible, he could not pass her on an excursion ticket, as his orders were not to do so, and that she would have to pay the usual fare to Columbus, which was $1.50. Being without money, she left the train; and waited for the next one. On it, her ticket was recognized, and she returned to Columbus. It left Opelika at 11 o'clock at night, and arrived at Columbus at 1.30 A.M. The train whose conductor refused to carry her, was twelve or thirteen hours earlier. The pecuniary value of her time was $1.30 a day. She was about seventeen years of age. Her father was dead ; her mother living. She was absent on the excursion with some friends, and without any special protector. To the house of a relative who resided about one mile from Opelika, she walked after being refused a passage on the morning train, and there she remained until the proper time for leaving, in order to take the night train. The conductor was polite. He refused, because he had not been informed of the contract, the tickets not indicating it, and because, on telegraphing from Opelika to the general ticket agent at Montgomery, the latter replied with instructions not to recognize the tickets. The agent at Columbus, by whom the contract was made, had failed to report all the terms of it, but before the next train passed Opelika, he explained to his superiors by telegraph, and there was no further misunderstanding. In a suit in favor of the young lady, by her next friend, against the company for damages, the jury returned a verdict for one thousand dollars. The court granted a new trial, on the sole ground that the damages were excessive. In the opinion of the supreme court, they were grossly excessive ; and it was not only the right, but the duty, of the presiding judge to order a new trial.

New trial. Damages. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1877.

Report unnecessary.

HILLIARD & RUSSELL ; R. A. RUSSELL, for plaintiff in error.

JOSEPH F. POU ; PEABODY & BRANNON, for defendant.

BLECKLEY, Judge.

In the administration of justice, the same protection must be extended to corporations as to natural persons. All suitors are equal before the law. A court should hesitate as little to set aside an excessive verdict when it is against a corporation as when it is in favor of a corporation. Wild and extravagant recoveries for injuries that, in themselves and in their consequences, are moderate, are not to be upheld against anybody, or in favor of anybody. In this state, the judges are sworn to administer justice without respect to persons, and to do equal right to the poor and to the rich. Judge Crawford, as it appears to us, acted in the true spirit of this oath, when he set aside the verdict. On the facts in the record, our opinion is that the damages were not simply excessive, but grossly excessive.

Counsel cited 31 *Ga.*, 369 ; Code, § 2947 ; 29 *Ga.*, 294 ; 37 *Ib.*, 607 ; 30 *Ib.*, 212 ; 11 *Ib.*, 537 ; Code, §§ 3066, 3067 ; 5 Mason, 177 ; 32 *Ga.*, 472 ; 44 Miss., 467 ; 36 *Ib.*, 666 ; 40 *Ib.*, 375, 395 ; 16 How., 469 ; 23 Penn., 147 ; Ang. & Ames on Cor. § 568.

Judgment affirmed.