GOINS *et al. vs.* WESTERN RAILROAD OF ALABAMA.

A passenger bought a ticket from one point to another on the line of a railroad and return. She went to the latter point, but when she started to return, the conductor informed her, on entering the car, that she could not return on that ticket; that if she did, he would have to pay the fare. She thereupon left the train, and remained until the next train, on which she returned home without extra charge. She sued the railroad:

*Held,* that the suit was founded on a breach of contract, and actual damages only could be recovered; or if none, then nominal damages. Exemplary damages cannot be allowed for a breach of contract.

Railroads.   Damages.   Contracts.   Actions.   Before

Judge WILLIS.    Muscogee Superior Court.    May Term, 1881.

· Reported in the decision.

SMITH & RUSSELL; S. W. GOODE, for plaintiffs in error.

JOS. F. POU; PEABODY & BRANNON, by brief, for defendant.

CRAWFORD, Justice.

The plaintiff in this case bought of defendant's agent, an excursion ticket from Columbus to Opelika and back. The price paid was one dollar.    Under this contract, she went to Opelika, and was entitled to return next day; but when she got on the train, she was told by the conductor that she could not return on her ticket, and if he carried her on it, he would have to pay the fare himself.    The plaintiff got off the car and remained over, in Opelika, until the next regular train, when she was carried to Columbus without further charge.

On the above facts, the judge charged the jury that, "this is a suit that arose on a contract, and was for a breach of the contract.    You may find such damages as the proof shows the plaintiff actually sustained; and if no actual damages were proved, and you believe that there was a breach of the contract, you can find nominal damages only."

Although there were numerous requests to charge, which were refused, yet the plaintiff in error makes this charge, which was given, the controlling question in the case.

In the opinion of the court this case is ruled by the judgment pronounced in that of *Hughes, by her next friend, vs. The Western Railroad of Alabama*, reported in 61 *Ga.*, 131, as well as by the judgment in this same case when here before, and reported in 59 *Ga.*, 426.

The declaration in the case may be, and possibly is, framed somewhat differently, but its material allegations are substantially the same. This was so of necessity, because there was nothing in the facts, as shown by the proof, to make it otherwise than the breach of a duty flowing from a private contract, and if accompanied with damage entitled the plaintiff to a recovery. But exemplary damages can never be allowed in cases arising on contracts. Code, §§2954, 2943.

The decisions heretofore made, and which govern this case, are supported by a similar case reported in 42 Wisconsin, 23, and in Hamlin *vs*. Great Northern Railway Co., 1. H. & N., 408–411. The latter case was an action for failure to perform a contract of carriage, and Pollock, C. B., says that "each case must stand on the circumstances peculiar to it ; but it may be laid down as a rule, that generally in actions upon contracts no damages can be given, which cannot be stated specifically, and which naturally flow from the breach of the contract, but not damages for the disappointment of mind occasioned by such breach."

We hold, therefore, that the charge given by the judge was controlled by the law as well as the decisions of this court.

Judgment affirmed.