THE GEORGIA SOUTHERN RAILROAD COMPANY *vs.* NEEL.

1. An employé of a railroad company who has been injured by its negligence, without fault on his part, may recover general damages on account of pain, physical injury and general depreciation of power to labor, although no proof of the value of his services as such employé, or in other business, may be made.

(*a.*) If it were necessary to allege the value of services of a person injured by a railroad, the point should be raised by demurrer.

2. The question of damages is one for the jury, and the judge should

not interfere with the verdict as excessive in amount unless the damages found are so excessive as to justify the inference of gross mistake or undue bias. Such is not the fact in this case.

(*a*.) This court will be more reluctant to interfere with a verdict as awarding excessive damages, where the point was not distinctly made in the court below, but was brought up under the general exception that the verdict was contrary to law and evidence.

Damages. Negligence. Railroads. Practice in Supreme Court. Before Judge UNDERWOOD. Floyd Superior Court. September Term, 1881.

Reported in the decision.

SEABORN WRIGHT; MAX MEYERHARDT; H. C. PEEPLES, for plaintiff in error.

A. R. WRIGHT; C. N. FEATHERSTON, for defendant.

CRAWFORD, Justice.

A. J. Neel sued the Georgia Southern Railroad Company for damages resulting to him on account of the carelessness and negligence of the said company, in allowing the top round of the ladder by which he, as brakeman, was required to ascend and descend the cars to perform his duties, to become loose and unsafe, so that in attempting to perform his duties by descending the said ladder, he was thrown with great violence to the ground, a distance of ten feet, thereby greatly bruising his body, spraining his ankle, damaging his foot, and causing him great mental and bodily pain and suffering to his damage five thousand dollars.

The proof showed that he entered the service of the company on the day in which he was hurt; that he was on the top of the car, and about to descend the ladder, when, owing to the fact that the screw which fastened the first round was loose, it pulled out and he fell; his body was bruised, his foot and ankle very seriously if not

permanently injured ; he was confined to his bed for one month ; suffered very much, and · still suffers to a great extent ; cannot walk as well as before the injury ; lost a year's time ; was forty-one years old, stout and healthy ; capacity for work diminished one-third, and his physician's bill was twenty-five dollars.

The jury gave him a verdict for one thousand dollars for his damages.

A motion was made for a new trial, the only grounds of which necessary for consideration here are, that the verdict was contrary to evidence and contrary to law.

1. Under these grounds it is insisted that the verdict has no evidence to support it, and is, therefore, contrary to law. That is to say, there is no proof of the value of the services of the plaintiff as brakeman, none having been agreed upon, and no proof as to the value of his services if employed at any other work. The question made, therefore, is, whether one can recover damages who has shown that by reason of a defective ladder on a car which he had to go down in the performance of his duty he fell, and was so injured that he was confined to his bed for one month, disabled a year from work, suffered great mental and bodily pain, incurred a physician's bill of twenty-five dollars, was unable to work, or walk as well as before the injury, without proof of the amount of the wages he was to receive, or the value of his services in other pursuits.

It will be observed that the plaintiff, in his declaration, does not allege the value of his services, but puts his case on the damages which he sustained by reason of the injury to his body, his pain and suffering, his confinement to his bed, and the actual outlay of expense in and about his being cured. It doubtless would have been more satisfactory to the judge and jury below, if the plaintiff had alleged and proved the value of his services to the road as a brakeman, as well as what his labor was reasonably worth in other pursuits, but there was no demurrer to the

declaration, and the case went to the jury upon the general allegations therein contained, and the proofs submitted thereunder, and it is too late after verdict to make the objection.

2. It is further urged before this court, that the damages found by the jury were excessive, and unauthorized by the evidence.

The question of damages being one for the jury, the court should not interfere, unless they were so excessive as to justify the inference of gross mistake, or undue bias. In this case the plaintiff in error made no complaint of the amount of the verdict, and asked no ruling thereon by the judge below. We think that the question of the excessiveness of the verdict should have been passed upon by the judge below. Where it is not done, we will not say that it will not be considered here, but we do say that it would require a very strong case to make us send it back, when the judge below has not passed upon it, and the point is raised here for the first time.

This case not being within that rule, and there being no such ground set out in the motion for a new trial, we decline to interfere with the finding of the jury.

Judgment affirmed.