EAST TENN., VA. & GA. RAILWAY CO. *v.* KING.

1. Decisions of the Supreme Court touching particular amounts awarded by other juries in other cases as damages, and touching the question whether such awards were excessive or not excessive, should not be considered by the jury in fixing the damages to be allowed by them in the case on trial, and a charge to this effect was not erroneous.
2. When a passenger has purchased a through ticket and surrendered it to the first conductor on his demand, if a second conductor is satisfied of this upon the evidence exhibited by the passenger, he has no legal right to expel the passenger because he does not pay fare or produce the ticket, although the rule of the company may require the expulsion under such circumstances. The law is of higher authority than the rule.
3. The evidence warranted a finding for the plaintiff, and though the amount of the verdict is extreme, it is not so excessive as to require this court to set it aside over the approval of the trial judge.                                    *Judgment affirmed.*

LUMPKIN, J.; dissenting.   While I am of the opinion that the plaintiff ought to have recovered, I regard the damages awarded as excessive, and dissent from the judgment of the court for this reason alone.

February 15, 1892.

Railroads. Passengers. Damages. Before Judge MILLER. Bibb superior court. April term, 1891.

King sued the railway company for damages because, having paid his fare over defendant's road from Brunswick to Atlanta, and taken passage upon one of its trains, after the train left Macon a new conductor, who had taken charge of the train at Macon, demanded payment of fare from Macon to Atlanta, and although plaintiff submitted to that conductor proof that he had paid his fare and purchased his ticket, the conductor threatened to stop the train and eject him, and compelled him to pay fare from Macon to Atlanta, etc. He obtained a verdict for $500, and the defendant's motion for new trial was overruled. The motion contained the grounds that the verdict was contrary to law and evidence, and was for an amount excessive and disproportioned to

the alleged injury and the damages consequent thereon, and indicated that the jury were influenced by bias, prejudice and passion, there having been no actual damage sustained by plaintiff, and there being no evidence of any intentional wrong done him by the railroad company. Also, that the wrong being unintentional and the defendant having endeavored to repair it, the only legal verdict would be for the actual amount ($3.25) paid by the plaintiff and nominal damages for the wrong.

The following instructions of the court to the jury were complained of: " Upon that branch of the case as to good faith, that matter, you ought to look into and see and examine the testimony whether this conductor was satisfied, the second conductor who received the second payment, whether he was satisfied about the evidence exhibited by the plaintiff that King had really bought a ticket from Brunswick to Atlanta. I charge you that, as a matter of law, if the conductor who called for the ticket between Macon and Atlanta was satisfied in his own mind—the evidence furnished by King showed to his satisfaction, that King when he left Brunswick had a through ticket to Atlanta, then the conductor ought not to have required the second payment and ought not to have threatened to eject him from the train, because the law which fixes the rights of the party entitled King to ride from Brunswick to Atlanta regardless of the rules of the company; and if the conductor was satisfied, under the proof submitted, that King really had a ticket which had been taken up by the first conductor, then it was his duty under the law to have violated the rules of the company and obeyed the law of the State; that I say is a matter you can inquire into, in looking into the good faith of these people on the one side and the other, and their respective conduct." It was alleged that this charge was erroneous in that it presented and ruled, as a matter of law, that if the conductor had reason to be-

lieve and was satisfied that the plaintiff had purchased a ticket, then the conductor necessarily acted in bad faith in requiring him to pay his fare a second time.

"Now let me say right here to this jury: I have allowed these gentlemen on either side to read and comment on certain cases that have been decided by the Supreme Court; properly those remarks ought to have been addressed to the court. Let me say to you, you have no concern with those cases; that is what other jurors have decided; whether they have found excessive or slight damages, too big or too little verdicts in some cases, is not for you or me in this case; it don't matter to you whether a thousand jurors had found a thousand verdicts for a thousand dollars in a case like this, if you think this man ought to have more in this case or less in this case you are not to regard what other juries have done, because you are trying this particular case under your oaths and on the evidence heard in this case, and there is no rule of law that allows any other jury or set of jurors, by a given line of verdicts, to indicate to this jury any amount, big or little, that you ought to find, because the only measure on this branch of the case, outside of the $3.25, is the enlightened conscience of impartial jurors trying the particular case; so you need not regard any of them; you try this case doing justice and right between the parties, the plaintiff on the one side and the railroad company on the other." It was alleged that this charge was erroneous in that the cases referred to in the charge were cases decided by the Supreme Court of Georgia, in which that court had in some cases determined that under certain circumstances verdicts were excessive, and in others not excessive, and judgments of the Supreme Court in such cases were legitimate matters, under the direction of the court, to be considered by the jury to guide them in the effort to arrive at the just and proper conclusion as to the amount

of damages which should be awarded in this particular case.

HILL, HARRIS & BIRCH, for plaintiff in error, cited 41 *Ga.* 515; 59 *Ga.* 426; 70 *Ga.* 372; 77 *Ga.* 680; Code, §§2947, 3067; 62 Md. 301, s. c. 50 Am. R. 223; 53 N. Y. 25; 67 Ill. 316; 75 Ill. 125; 20 Up. Can. Q. B. 24; 1 Suth. Dam. 724; 5 Am. & Eng. Enc. L. 21.

COURTLAND SYMMES, by J. H. LUMPKIN, *contra*, cited 58 *Ga.* 221; 70 *Ga.* 368; 72 *Ga.* 292; 73 *Ga.* 251; 75 *Ga.* 51; 77 *Ga.* 674; 79 *Ga.* 358; 86 *Ga.* 641, 744; 80 Am. Dec. 286.