## SOUTHERN RAILWAY COMPANY *v.* HARDEMAN.

1. That the court had rejected evidence tending to prove the same fact sought to be established by evidence subsequently offered was not a basis for an assignment of error upon the admission of the latter evidence, especially as it did not appear upon what ground the former was excluded.

2. In view of the allegations of the petition, evidence that the plaintiff moved away from his home near the alleged nuisance was not irrelevant.

3. That evidence was admitted over the objection of the party complaining is not cause for a new trial, when it does not appear that any specific objection to its admission was made at the trial.

4. There being evidence to support a verdict in favor of the plaintiff, such verdict was not contrary to law, and the trial judge properly refused to give in charge to the jury certain written instructions requested by the defendant, which virtually directed a verdict in its favor.

5. Under the evidence the verdict was not excessive.

Argued June 22, 1907.—Decided February 26, 1908.

Action for damages. Before Judge Bartlett. Paulding superior court. June 22, 1906.

*Shumate, Maddox, & McCamy* and *A. J. Camp,* for plaintiff in error. *W. E. Spinks* and *J. J. Northcutt,* contra.

FISH, C. J. G. W. Hardeman brought an action against the Southern Railway Company, for damages alleged to have been sustained by reason of the maintenance by the defendant of a pond of water on its right of way near the plaintiff's home, which pond he alleged caused the serious sickness of his wife and children and im-

paired the value of his adjacent property. Upon the trial there was a verdict in favor of the plaintiff for $700; and the case is before this court on a writ of error prosecuted by the defendant to review the judgment of the trial court overruling its motion for a new trial.

1. In one ground of the motion complaint was made of the admission, over the objection of the defendant, of the testimony of the plaintiff as to the value of the time he lost from his work while nursing his wife and children during their illness, caused, as he contended, by the pond of water in question. The objection urged to such testimony was, that the court had rejected evidence offered by the plaintiff to prove the value of his services in nursing his sick family, and that the testimony in question went to prove the same thing, and ought, therefore, to be also rejected. This assignment of error is not meritorious; for, even if the testimony admitted tended to prove the same fact as was sought to be shown by that which had been rejected, it did not appear upon what objection the testimony last referred to was excluded.

2. Another alleged error was, that the court permitted the plaintiff to "show that he moved away" from his home near the pond in question. Defendant objected to the evidence, "on the ground that this suit is for loss of services of his [plaintiff's] wife and children; and if he chose to move away from there, that was his own concern. The railroad could not be held responsible for it in any way." The purpose of the objection, we assume, was to make the question as to the relevancy of the evidence, and we will so treat it. The petition alleged, as part of the damages suffered by plaintiff by reason of the maintenance of the pond, that, on account of the malignant sickness produced in plaintiff's family by the pond, he was, for the safety of himself and family, forced to abandon his home. In view of such allegation, the evidence under consideration was not irrelevant.

3. In the motion it is stated that the defendant objected to certain testimony of the witnesses Hays and Tant, as to whether the pond in question would produce sickness. It does not, in either instance, appear what objection was made to the testimony in the court below. As to the testimony of Tant, the motion states: "Deft. now insists that the witness was not a medical expert, and, though he had described the general surroundings and

condition of the pond, he had not stated specifically upon what facts he based his opinion; and defendant insists that the opinion given was upon a subject upon which this witness could have no opinion that ought to be admitted in evidence. Defendant further insists," etc. As to the testimony of Hays, the motion states that defendant "urges now the considerations insisted upon in the objection to the answer of Thomas Tant." Even if the testimony objected to were inadmissible, no proper assignment of error upon its admission was made, as it does not appear from the motion what objection was urged in the court below to its admissibility. So far as the motion shows, the specific objections now insisted upon were made for the first time in the motion for a new trial.

4. In two of the grounds of the motion it is contended that the verdict is contrary to specified portions of the judge's charge, wherein he instructed the jury that, under given circumstances, the plaintiff could not recover; and in two other grounds error is assigned on the refusal of the court to give in charge certain written instructions which, counsel for plaintiff in error agree, virtually directed a verdict for defendant. There was evidence to authorize a verdict in favor of the plaintiff; and therefore there is no merit in either of these grounds of the motion.

5. There was evidence from which the jury could find that plaintiff's damages, by reason of the maintenance of the pond by the defendant, amounted to as much as $700; and therefore a verdict for that amount was not excessive.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*