## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. C. B. SHEPARD.

Decided November 23, 1910.

**1.—Carrier of Passengers—Wrongful Ejection from Train.**

Where a passenger, not disorderly, but in a condition of stupor from intoxication, was put off the train by the conductor under the mistaken belief that his ticket, which the conductor had taken up and had, was for a point already passed instead of one not reached, the facts being conceded, there was no question as to the wrongfulness of the ejection, and the court properly so charged and submitted only the question of damages.

**2.—Same—Damages—Humiliation.**

Though the passenger was incapacitated by intoxication from suffering humiliation at the time by being put off the train, he might recover damages for humiliation suffered after .he recovered consciousness and arising from the circumstances in which he then found himself and which were due to his wrongful ejection.

**3.—Damages Not Excessive.**

Evidence held to support as not excessive a recovery of damages in the sum of $250 for wrongful ejection of a passenger from a railway train.

Appeal from the District Court of Washington County. Tried below before Hon. Ed. R. Sinks.

*Terry, Cavin & Mills,* and *A. H. Culwell,* for appellant.

*Lewis R. Bryan,* for appellee.

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages on account of being unlawfully ejected from its cars while riding as a passenger thereon. The facts show that the appellee, on the 19th of December, 1907, purchased from appellant's agent at Ballinger, a ticket entitling him to passage over its railway from said point to Brenham, Texas; that prior to the purchase of the ticket appellee had been drinking with some friends whom he had met; and, after boarding the train, the car being warm, it appears that he fell into a stupor, but that his ticket was taken up by the conductor before reaching Brownwood, that after passing Brownwood, the conductor, while going through the train and taking up tickets, again demanded of appellee his ticket, and upon appellee's being unable to find it, after searching sometime, he was forced to disembark in the night from said train at Zepher, a station below Brownwood, at the instance of the conductor, who together with the brakeman assisted him off. At this time it appears from all the evidence that appellee was in a helpless condition, had been orderly and quiet, and seemed not to know what he was doing; that his overcoat and baggage were left on the train, and that after wandering about in the dark for some time he was taken by some boys to the hotel, where he spent the night; that he became sick during the night and was treated by a physician, but was all right the next morning. *The conductor admitted that he had made a mistake in reading the ticket from Ballinger to Brownwood, whereas it was, in fact, from Ballinger to Brenham, and that at the time of putting the appellee off the train he had a portion of his ticket in his pocket; that he did not discover this until the next morning when he was looking through his tickets, whereupon he wired the conductor on the southbound morning train to bring appellee to Temple.* Appellee testified that he did not know anything about his being put off the train until he "came to" that night at the hotel at Zepher; that he was very much humiliated on account of it; that if he had not been put off he would have arrived at home at four o'clock the morning of that night, but, on account of this delay, he did not arrive there until about 6 o'clock the next evening; that he was a drummer and had been a traveling man for the past twenty-five years.

Upon the conclusion of the evidence the court charged the jury that, under the undisputed testimony, the plaintiff was entitled to recover, and instructed them to find for the plaintiff such actual damages as they might find he had sustained by reason of being put off said train; and, in assessing the same, they might take into consideration the mental anguish caused by humiliation, if any, occasioned the plaintiff by reason of being so put off.

There was a verdict in behalf of plaintiff for the sum of $250, and judgment accordingly, from which this appeal is prosecuted.

Appellant complains of the giving of said charge, and insists that the verdict is excessive; and also contends that the plaintiff was not entitled to recover, for the reason that the evidence showed that when he was put off of the train he was too drunk to understand or comprehend what was being done, and therefore could not have been humiliated thereby, as claimed by him. We think, since the evidence showed that appellee was ejected from the train without any legal justification, that the court was correct in charging the jury that the only question for their determination was the amount of damages to which appellee was entitled under the facts; and therefore overrule the assignment complaining of this question. It is true that it appears that at the very time that plaintiff was ejected he was too drunk to know that he was in fact being expelled from the train, but it also appears from the evidence that as soon as he came to himself he was mortified and humiliated on account of what had occurred; that he had occasion frequently to explain to his friends how he came to be ejected from the train, which caused him chagrin and mortification. These facts, in our judgment, entitled him to a recovery. It is wholly immaterial whether he experienced the humiliation at the very time of his ejection or not, if he was prevented from so doing by his inebriated condition. To hold otherwise would be equivalent to saying that one committing an indignity upon another might escape liability, if it were shown that at the time of the commission the person, from any cause, was unconscious of or insensible to such indignity, notwithstanding the fact that upon regaining consciousness he might intensely suffer by reason thereof; which doctrine would not only be inhumane but repulsive to our sense of justice and right, for which reason we overrule this assignment.

We do not think that the verdict was excessive. The plaintiff, it seems, was a drummer, had been a traveling salesman for many years; and we must suppose in the absence of evidence to the contrary, that he was a man possessed of at least ordinary intelligence, pride of character and refined feeling, and that his unlawful ejection, under the circumstances indicated in the record, would necessarily have the tendency to greatly humiliate and mortify him. We therefore can not say that the verdict for $250, as matter of law, was excessive compensation for his unlawful ejection. See International & G. N. Ry. Co. v. Hood, 122 S. W., 569, where a judgment of $500 was affirmed for ejecting the plaintiff from the train. In Railway Co. v. Patterson, 46 S. W., 848, a judgment of $250 actual and $500 exemplary damages was sustained, where a plaintiff was unlawfully, though courteously, put off the train.

In Southern Ry. Co. v. Wood, 114 Ga., 144, 39 S. E., 896, 55 L. R. A., 538, Justice Cobb said, in passing upon a similar question: "When it appears to us that one who has the legal right to ride upon a train has been wrongfully expelled therefrom and held up by such expulsion before the passengers on the train as one who is trying to ride thereon without lawful right or authority, and subjected to the mor-

tification that such conduct on the part of the company's agent would necessarily bring about in the case of a young man of sensibility and pride, we can not say, as a matter of law, that $450 is too much to pay him as compensation for the outrage thus committed upon him."

Believing that the verdict is not excessive, we overrule this assignment; and, finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*