## PRATT ENGINEERING & MACHINE CO. *v.* TROTTI.

1. To a petition brought to recover damages for injury to property upon which was situated the home and residence of the plaintiff and her family, caused by the creation and maintenance of a nuisance, it was competent by way of amendment to add a paragraph charging that the defendant did the acts complained of, wilfully, wantonly, and in bad faith, and had intentionally caused petitioner unnecessary inconvenience, and claiming a recovery of an additional amount as punitive or exemplary damages.

2. Evidence having been introduced showing the value of the property of the plaintiff before and after the erection of the alleged nuisance, and the difference between its value before the erection of the nuisance and the price at which the plaintiff subsequently sold it, the court did not err, as against the defendant, in charging the jury that they should consider this evidence "only for the purpose of illustrating, if it does, the question of how much, if any, the plaintiff was injured in the use and occupation and enjoyment of the premises."

3. Under the ruling made in the first headnote, the court did not err in charging the provisions of section 4503 of the Civil Code, allowing exemplary damages under certain circumstances.

4. Grounds of a motion for a new trial complaining that the verdict was contrary to the charge of the court are included in the general grounds that the verdict is contrary to law and without evidence to support it.

5. A verdict in favor of the plaintiff was authorized by the evidence; and the same can not be set aside by this court upon the ground that it was excessive, it not manifestly appearing that the amount of the recovery was the result of bias, prejudice, or other corrupt motive.

SEPTEMBER 19, 1914. REHEARING DENIED OCTOBER 1, 1914.

Action for damages. Before Judge Ellis. Fulton superior court. July 5, 1913.

Mrs. Emma Trotti sued the Pratt Engineering and Machine Company, alleging: that the defendant conducted near a lot of land belonging to her, upon which was the residence of herself and family, a large manufacturing plant, necessitating the employment of a large force of employees; that the defendant, on the premises occupied by it, maintained and does maintain a closet into which there is daily dumped large quantities of filth and impure matter; and that the same is then washed, by an arrangement maintained by the defendant, down to a small branch which has always run through the plaintiff's land, in consequence of which the water in the branch, once pure, has become defiled and polluted; that in consequence of the impurities carried into the branch from the closet, her land near her residence has become saturated and covered with impurities; that at all seasons of the year foul and noxious gases and odors are emitted from the filth washed upon her premises, rendering her dwelling-house uninhabitable because of the unpleasant odors and the sickness thus caused; that the impure matters so brought to her premises have percolated through the ground and polluted the water of her well from which her household was supplied with water for domestic purposes; that she was finally forced to abandon the place as a home, because such gases and noxious vapors were engendered from the impure matter described that sickness was caused to her children, their health impaired, and their capacity to labor and work thereby affected; that the market value and the rental value of her property had thus been greatly diminished; that the defendant all the while had full knowledge of the existence of the nuisance so maintained, and was notified and requested to abate the same, but failed and refused to do so. The plaintiff amended her petition by adding the following: "In maintaining said nuisance in the manner pleaded, defendant has acted wilfully, wantonly, and in bad faith; has intentionally caused petitioner unnecessary inconvenience; wherefore defendant is liable to her in the sum of twenty-five hundred dollars as exemplary and punitive damages, for which sum a verdict and judgment is hereby prayed." This was allowed over the objections that it sought to add a new and distinct cause of action; that it sought a recovery for a new and distinct injury; that it was improper and illegal, in view

of the nature of the injuries complained of in the original petition, and under the theory and issues raised by the allegations thereof. Evidence was submitted, and the trial resulted in a verdict for the plaintiff. A motion for new trial was overruled; and the defendant excepted to this ruling and to the overruling of the objections to the amendment.

*Anderson & Rountree,* for plaintiff in error.

*Dorsey, Shelton & Dorsey, Frank L. Fenn,* and *Hugh M. Dorsey,* contra.

BECK, J. (After stating the foregoing facts.)

1. There was no error in overruling the objections to the amendment. The petition alleged the creation and maintenance of a nuisance after due notice to the defendant and a request by the plaintiff to abate the same, the nuisance thus maintained being one which destroyed to a large extent the value of plaintiff's property upon which was located the home of herself and her family, and endangered the lives and health of petitioner and members of her family. It was competent by way of amendment to allege and prove, if proof existed, that the defendant, in maintaining the nuisance in the manner pleaded, acted wilfully, wantonly, and in bad faith, and intentionally caused petitioner unnecessary inconvenience, and that in consequence thereof the defendant was liable to petitioner in a stated sum as exemplary and punitive damages. Such an amendment did not add a new and distinct cause of action; nor was it objectionable on the ground that it was not germane to the cause of action set forth in the original petition; nor was it "improper and illegal under the theory of and the issues raised by the allegations of the original petition." *Savannah &c. Railroad* v. *Holland,* 82 *Ga.* 257 (10 S. E. 200, 14 Am. St. R. 158); *Southern Ry. Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802). If the allegations of the original petition are true, the defendant, after notice and request to abate, was maintaining a nuisance which not only lessened the value of the plaintiff's property but endangered the lives of herself and her children. If it did this, with knowledge of the fact and under circumstances authorizing recovery of damages for the injury to the plaintiff's property, it was also competent to allege and prove that it did it wilfully, wantonly, and in bad faith, with the intention of causing petitioner unnecessary inconvenience, to show the existence of aggravating circumstances of the tort, which

would authorize the giving of additional damages.   Civil Code, § 4503; *Morris* v. *Duncan*, 126 *Ga.* 467 (54 S. E. 1045, 115 Am. St. R. 105) ; *Georgia Railroad Co.* v. *Gardner*, 115 *Ga.* 954 (42 S. E. 250).

2.   Evidence having been introduced showing the value of the property of the plaintiff before the erection of the alleged nuisance and after the erection of it, and the difference between the value of the property before the erection of the nuisance and the price at which the plaintiff subsequently sold it, the court did not err, as against the defendant, in charging the jury that they should consider this evidence "only for the purpose of illustrating, if it does, the question of how much, if any, the plaintiff was injured in the use and occupation and enjoyment of the premises."   The evidence referred to in this part of the charge had gone to the jury without objection.   The question of the materiality of such evidence is raised in the exception to this charge, but was not raised at the time the evidence was offered and admitted.   If, as complained in the exception to this charge, the evidence here referred to was immaterial to the case, such an objection should have been made when the evidence was offered; for as it had gone before the jury for their consideration, they might, without some limitation in the charge of the court, have considered it generally and for all purposes, and the defendant was not injured by the court's instruction which put a limitation upon the purposes for which it might be considered, and narrowed down the effect of the evidence to the one purpose of illustrating the question as to how much, if any, the plaintiff was injured in the use and occupation and enjoyment of the premises.

3.   Under the ruling made in the first division of this opinion, the court did not err in charging the provisions of section 4503 of the Civil Code, allowing exemplary damages under certain circumstances.

4.   Grounds of a motion for a new trial complaining that the verdict was contrary to the charge of the court are included in the general grounds that the verdict is contrary to law and without evidence to support it.

5.   While the verdict in this case is large, we can not say that it is entirely without evidence to support it.   And, as was said in the case of *Southern Railway Co.* v. *Wood*, 114 *Ga.* 140 (39 S. E.

894, 55 L. R. A. 536): "It may be that if we had been upon the jury we would have taken the view that a less amount would be full compensation for the wrong; but the law has reposed in the jury the right to deal with these matters, and we have no authority to interfere with their finding on the subject, when it has been approved by the trial judge, unless the amount involved is so great as to suggest bias and prejudice on their part." See also *East Tenn. &c. Ry. Co.* v. *King,* 88 *Ga.* 443 (14 S. E. 708); *Savannah &c. Railway Co.* v. *Parish,* 117 *Ga.* 893 (45 S. E. 280); *Southern Railway Co.* v. *Hardeman,* 130 *Ga.* 222 (60 S. E. 539); *Merchants &c. Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654, 657 (62 S. E. 130). In the case last cited it was said: "The verdict of the jury can not be held to be excessive unless it be manifestly the result of prejudice, bias, or other corrupt motive." In the present case we can not say that this is true.

The remaining grounds of the motion for a new trial were without merit.      *Judgment affirmed.      All the Justices concur.*