### 13252. EDWARDS *et al. v.* McNAIR & SELLERS.

JENKINS, P. J.　1. The Supreme Court has held that the constitutional questions as to the transfer of the original case from the city court of Cairo to the city court of Whigham and the validity of certain provisions of the act establishing the latter court could not be considered, and that, consequently, jurisdiction of the writ of error lay in this court. *Edwards* v. *McNair,* 152 *Ga.* 486 (110 S. E. 280).

2. The petition, claiming damages on account of the theft by the defendants of a bale of sea-island cotton and their procurement of the burglary of the warehouse in which it was stored (see *Edwards* v. *State,* 22 *Ga. App.* 796, 97 S. E. 205), and originally seeking to recover the necessary expenses incurred in the recovery of the property, and, by amendment, exemplary damages by reason of the tort, set forth a cause of action good as against the general motions to strike. Nor did the amendment claiming the exemplary damages introduce a new cause of action, since both inhered in and flowed from the same tort. *Pratt Engineering & Machine Co.* v. *Trotti,* 142 *Ga.* 401 (1), 403 (83 S. E. 107); *Southern Ry. Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802); 31 Cyc. 416, 417.

3. Section 4503 of the Civil Code (1910) provides as follows: " In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." It is unnecessary to pass upon the point made by the defendants that the provisions of this section relative to exemplary damages do not pertain to injuries to personal property, since, under the petition, the action was not limited to one of that nature. In this connection the court charged as follows: " I charge you further that this case proceeds on the allegation that the defendants procured the warehouse to be burglarized, and that it is the gist of this action, and unless you found that they were responsible for the burglary of the warehouse, then you would go no further, but you would be entitled to find for the defendants." See *Sheftall* v. *Zipperer,* 133 *Ga.* 488, 490 (66 S. E. 253); *Holman* v. *Brown,* 8 *Ga. App.* 551 (69 S. E. 1084).

4. In charging the law of damages substantially in the language of the code, the court said: "As to the allegation of two thousand dollars damage, that is a matter for you in your enlightened consciences, and you will consider the same solely in the view of deterring the defendants from a repetition of the. trespass." It was unnecessary for the plaintiffs to prove that the defendants had actually threatened to repeat the trespass, in order to recover exemplary damages "to deter the wrongdoer from repeating the trespass." Civil Code (1910), § 4503.

5. Error is also assigned on the charge relating to the recovery of necessary expenses as actual damages. It appears from the record that the defendants had, before the submittal of the case to the jury, tendered into court the identical amount claimed as these expenses, and the exceptions to the instruction covering the law as to such expenses are therefore without merit.

6. In accordance with the foregoing rulings, the superior court did not err in overruling the certiorari.

        *Judgment affirmed. Stephens, J., concurs. Bell, J., disqualified.*
                    DECIDED NOVEMBER 22, 1922.

Certiorari; from Grady superior court — Judge Wilson. December 31, 1920.

*W. V. Custer,* for plaintiffs in error.