27532. CHITWOOD v. STONER.

DECIDED SEPTEMBER 13, 1939.

600

*Hardin & McCamy,* for plaintiff in error.

*D. W. Mitchell, C. H. Dalton,* contra.

GUERRY, J.  Stoner filed an action against Chitwood to recover damages for personal injuries alleged to have been caused by negligent operation by the defendant of his motor truck.  On the trial the plaintiff amended his petition, charging that the acts of negligence were "wilful and in utter disregard of the safety of plaintiff," and praying "for punitive damages to deter the wrong-doer from again committing the trespass."  The court overruled a demurrer to the amendment.  The trial resulted in a verdict for the plaintiff.  The judge granted a new trial, and on the second hearing a verdict of $3000 for the plaintiff was returned.  A new trial was denied, and the defendant excepted, assigning error also on the allowance of the amendment.

1.  The amendment added the allegation that "the acts of negligence in the original petition were wilful and in utter disregard of the safety of plaintiff," and prayed "for punitive damages to deter the wrong-doer from again committing the trespass."  The assignment of error is on the ground that the amendment set up a new cause of action, rendered the petition multifarious, and was not permissible save only by the addition of a new and separate count.  This assignment is without merit.  Where a plaintiff predicates his charge of damages on the negligent acts of the defendant in that he failed to use ordinary care and caution, it does not change the nature of the action to engraft thereon the further allegation that said acts were also "wilful and in utter disregard of the safety of plaintiff," subjecting the defendant to punitive damages, where the engraftment is by amendment to the original petition rather than by the addition thereto of a new and separate count.  "In an action for a tort alleged to have been committed by the defendant to the plaintiff's person, it is not error to allow an amendment claiming exemplary damages, in which it is in effect alleged that the act complained of amounted to wilful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences."  *Southern Railway Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802).  We think the language in *Pratt Engineering & Machine Co.* v. *Trotti,* 142 *Ga.* 401, 403 (83 S. E. 107), appropriate: "Such an amendment did not add a new and distinct cause of action; nor was it objec-

tionable on the ground that it was not germane to the cause of action set forth in the original petition; nor was it 'improper and illegal under the theory of and the issues raised by the allegations of the original petition.'" See *Edwards* v. *McNair*, 29 *Ga. App.* 237 (2) (114 S. E. 814), on the question whether an amendment to the petition seeking punitive damages adds a new and distinct cause of action. We quote from that decision as follows: "Nor did the amendment claiming the exemplary damages introduce a new cause of action, since *both inhered in* and *flowed from* the *same* tort." (Italics ours.) See also *Southern Railway Co.* v. *Jordan,* supra.

2. Error is assigned because of alleged excessiveness of the verdict, it being contended that no permanent injuries were shown. This assignment is without merit. The verdict appears to have been based not alone on permanency of injury and time-extent of disability, but also on pain and suffering from the injuries proved. The measure of damages being the enlightened consciences of fair and impartial jurors, it can not be said, in the absence of bias on the part of the jury, that the verdict was excessive. For no reason or plea appearing is it shown that the jury acted on bias or prejudice. In this connection, see *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673); *Pratt Engineering & Machine Co.* v. *Trotti,* supra; *Anderson* v. *Kennickell,* 17 *Ga. App.* 574 (87 S. E. 835); *Georgia Southern Railroad Co.* v. *Neel,* 68 *Ga.* 609 (2); *Morris* v. *Stanford,* 58 *Ga. App.* 726 (3) (199 S. E. 733).

3. There is no merit in the assignment of error that the judge did not charge the jury that "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover" (Code, § 105-603), as the charge taken as a whole clearly presented that principle. However, the better practice is to give distinctness to this section by direct charge on it.

4. Error is assigned on the following instruction to the jury: "I charge you that if you find that the point where the injury occurred was, under the conditions existing at the time, a dangerous place on said street, and if you find that the defendant did not reduce his speed in approaching said point and did not have the same under immediate control, then I charge you that he was guilty of negligence per se; and if such negligence proximately

contributed in bringing about the injury and damage to W. A. Stoner, the plaintiff is entitled to recover a verdict for the full amount of the damage sustained," in that it was inapplicable to the pleadings and the facts in the case, was confusing and misleading, and imposed on the defendant a greater burden than that imposed by statute. We can not agree to the contention, for any reason assigned. It appears from the petition that the street in the City of Dalton at the point of the alleged injuries was being paved, and "that along Greenwood Drive and in the vicinity of where petitioner was injured a large number of men were engaged in working upon said street, all of which was well known to the defendant," and that "notwithstanding the fact that the defendant knew that a large number of men would be along and in said street at said place, he negligently and recklessly drove his automobile truck at said place . . more than 30 miles an hour." There being evidence to support these allegations, we think the charge was not only proper but was required, where the defendant also testified "I knew the men were working there. I could not see them, and had to go over there daily. I could see them after I got on top of the hill and around the concrete mixer which was in the street. The street had been dug out, and was wet and slippery that afternoon." The Code, § 68-306, declares: "The operator of a motor vehicle or motorcycle in motion on any public street or highway shall give due and timely warning, by using his signalling apparatus, to every person riding or driving any horse or horses, or horse-drawn or other vehicle, which he may meet or approach; and he shall likewise give due warning and reduce speed upon approaching any sharp curve, dugway, descent, or other dangerous place upon such street or highway." The allegations and the evidence placed the street, at the point of the transaction complained of, within the statute quoted, and more particularly that part which refers to "other dangerous place upon such street."

5. There is no merit in the assignment of error on the following charge to the jury: "I charge you, gentlemen, that if the plaintiff is entitled to recover for personal injuries, the amount he could recover would be for whatever injury and damage the jury may think he has received as a consequence of his injuries." This excerpt must necessarily be considered with the charge as a whole, when it becomes absolved of any of the contentions made.

6. Error is assigned on the following instruction: "I charge you, gentlemen, that if you find that the plaintiff, W. A. Stoner, on the occasion in question, in a sudden emergency, acted according to his best judgment to avoid the injury, he will not be chargeable with negligence, because the law will take account of the circumstances surrounding an act; and if those circumstances are such as to produce excitement, or such as to interfere with one's ability to act, the act of such party is to be measured accordingly." Our Code, § 105-603, provides that if a plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, he may not recover. Ordinary care is "that degree of care which is exercised by ordinarily prudent persons, under the same or similar circumstances." Code, § 105-201. A defendant whose negligence has created an emergency can not always avoid liability therefor on the ground that the plaintiff could have avoided the consequences of such negligence by acting as an ordinarily prudent person would act under ordinary circumstances. "Persons confronted by a dangerous situation or by an emergency or other circumstances likely to impair judgment and ordinary discretion are not held to the same quantum of care as they would be otherwise." *Pacetti* v. *Central of Georgia Railway Co.*, 6 *Ga. App.* 97 (2) (64 S. E. 302). The fact that a person is confronted with an emergency does not relieve such person from the exercise of ordinary care to avoid injury to himself; but the emergency created, if it be such as is likely to impair the judgment, may be considered by the jury in determining what is ordinary care under the circumstances. The quantum of care required in such a condition is not the same as that which would ordinarily be required. The plaintiff, however, is still required to exercise ordinary care for his own safety. If the plaintiff's conduct, when measured by the rule as to the "quantum of care" applicable under the circumstances of the case, still amounts to a lack of that care which an ordinarily prudent person would exercise under the same or similar conditions, he is not entitled to recover. *Georgia Railway & Electric Co.* v. *Gilleland*, 133 *Ga.* 621, 629 (66 S. E. 944). As was said in *Napier* v. *Dubose*, 45 *Ga. App.* 661 (165 S. E. 773), "However, the arising of such an emergency does not relieve one from the obligation of exercising ordinary care, but is merely one of the circumstances which is

proper for consideration in determining whether ordinary care has been exercised." See 45 C. J. 710, § 92. While the charge that if the plaintiff, confronted by a sudden emergency created by the defendant, "acted according to his best judgment to avoid the injury he will not be chargeable with negligence" was not, strictly speaking, a correct statement of the law, it was not, under the pleadings and the evidence in this case, such error as will require a reversal of the judgment. See *Napier* v. *Dubose,* supra. Wilful negligence was pleaded, and there was ample evidence to support the plea. In such circumstances the failure of the plaintiff to exercise ordinary care would not prevent recovery. *Central of Georgia Railway Co.* v. *Pelfry,* 11 *Ga. App.* 119 (3) (74 S. E. 854) ; *Central Ga. Railway Co.* v. *Denson,* 84 *Ga.* 774 (11 S. E. 1039) ; *Central of Georgia Railway Co.* v. *Moore,* 5 *Ga. App.* 562 (2) (63 S. E. 642).

The evidence for the plaintiff was sufficient to show that the defendant, while under the influence of whisky, was operating an automobile in violation of State statutes and city ordinances, in reference to the speed of the car and the failure to check speed and observe caution at a dangerous place in the street which was being dug up and paved; that a large number of workers were present; and that the defendant ran his truck against a cement mixer near which the plaintiff had been working, struck another man, proceeded about seventy-five feet, and struck the plaintiff, who was picking up a shovel with which he had been working. Other persons in the street avoided injury by jumping to safety. The defendant did not stop after striking the plaintiff. He contended that his car was skidding, and that he did not know that he had struck any one.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*