ATLANTA CONSOLIDATED STREET RWY. CO. *v.* HARDAGE.

93 457
105 317
93 457
116 783
93 457
124 359

1. It appearing that the conductor of defendant's car was informed that the plaintiff and her child were sick when they boarded the car, there was no error in allowing the plaintiff to testify that she took the car because of the sickness of herself and child, or that her husband desired her to take the car for this reason.

2. There was no error in allowing the plaintiff to testify that at the place where she was ejected from the car there was no protection for ladies or strangers with reference to the police, although the absence of such protection was not alleged in the declaration.

3. In an action by a married woman against a common carrier for wrongful expulsion from a car, section 3066 of the code may apply both in letter and spirit, but the terms of section 3067 are not literally applicable, though the principle of the section, except as to considering the worldly circumstances of the parties, is applicable in so far as injury to the feelings is concerned.

4. In view of the evidence in the record, it was error for the presiding judge to make no allusion whatever to any issue between the plaintiff and the defendant, and none whatever to any defence which might be embraced in the evidence.

5. A request to charge that "the jury must find a verdict on the acts of negligence alleged in the declaration," is susceptible of being misunderstood. Had the request been to charge that there could be no verdict for the plaintiff based on any negligence not alleged in the declaration, it should have been given.

October 24, 1893.

Action for damages. Before Judge Westmoreland. City court of Atlanta. January term, 1893.

N. J. & T. A. Hammond, for plaintiff in error.

Hutcheson & Key, *contra*.

Bleckley, Chief Justice.

1, 2. We fail to see that there was any error in admitting evidence. The conductor was informed that the plaintiff and her child were sick when they boarded the car. Surely it was competent for her to testify that she took the car because of the sickness of herself and child, or that for this reason her husband desired her to take the car. If it was a fact that she and her child were sick and the conductor knew it, why should this not go before the jury? If they were sick people, they were entitled to be treated as such, the conductor knowing of their condition. It is true that whether the sickness constituted the motive for going by the cars or not, was of little consequence, but it was not wholly irrelevant, inasmuch as it served to account for the plaintiff's presence on the car, and her relation to the company as a passenger. The declaration did not allege that at the place where the plaintiff was ejected there was no police protection for ladies or strangers, but it was competent

to prove this fact, not to show any negligence or misconduct on the part of the defendant, but to show the actual condition in which the plaintiff was placed by the acts of negligence or misconduct which were alleged. The absence of police protection, though not imputable in any respect to any omission of duty on the part of the defendant, would throw some light on the mental distress and suffering which the plaintiff probably underwent when she was ejected, and immediately thereafter during the time she was obliged to remain alone in a sparsely populated and unprotected neighborhood. It surely cannot be necessary to allege all the surroundings which may serve to aggravate an injury, in order to have them admitted in evidence at the trial.

3. The court charged the jury as follows: "In some torts the entire injury is to the peace, happiness or feelings of the plaintiff. In such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts, should be weighed by the jury. In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." This charge is complained of, because, under the facts in the case as alleged and proved, there were no aggravating circumstances either in the act or the intention of the parties who acted for the defendant, and there was no ground for finding punitive damages. The language of the charge is found verbatim in the code, but the two sections quoted from are presented in their inverse order. Sec. 3066 reads thus: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may

give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." This section applies to the case both in letter and in spirit. According to the plaintiff's· evidence, her fare had been paid for a passage to the end of the line. She and her infant were both sick. They were put off by the conductor without any reason or justification whatever before the end of the line was reached, and when it was about a mile distant. It does not appear what the conductor's intention was, but the act itself was an outrage. It was a gross violation of the duty of the carrier and a gross disregard of the rights of the passenger. The part of the charge taken from sec. 3067 of the code, is in these words: "In some torts the entire injury is to the peace, happiness or feelings of the plaintiff. In such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts, should be weighed." The letter of this section does not apply, for where a common carrier wrongfully expels a passenger, the entire injury is not to peace, happiness or feelings. A part of the injury consists in the violation of a public duty by the carrier, and in the inconvenience and delay occasioned the passenger. But the principle of this section, except as to considering the worldly circumstances of the parties, is applicable both as to the measure of damages on account of wounded feelings, and the weighing of all the attendant facts, including the presence or absence of bad faith. In estimating damages for injury to the feelings, whether the entire injury or only a part of it consists of that element, no measure of damages can be prescribed except the enlightened conscience of impartial jurors. The charge was inapplicable and erroneous in so far as it

made any reference to the worldly circumstances of the parties. *Georgia Railroad* v. *Homer*, 73 *Ga.* 251.

4. The eighth ground of the motion for a new trial is well founded. It complains that " The court erred in failing to state to the jury that the defendant denied the allegations of the plaintiff, and did not state to the jury the issues made by the pleadings and the evidence, and did not charge the jury the defendant's side of the case." The whole charge is in the record. It contains no allusion to any issue between the parties nor to any defence set up or sought to be established. It submits to the jury the plaintiff's side of the case alone, and, except in finally instructing as to the form of the verdict, it ignores any possibility of a finding in favor of the defendant. On looking to the evidence, we discover that it was legally possible under an appropriate charge of the court for the jury to arrive at a conclusion that the case was well defended. The evidence was clear that at the time of the alleged misconduct, the defendant had in its employment only nine conductors who ran on the particular line upon which the alleged tort was committed. All of these were examined, and the motorman who ran the car on which the plaintiff said she was a passenger, was also examined. If the evidence of these ten witnesses was true, it was scarcely possible that the plaintiff had any cause of action. She was the only witness as to the misconduct complained of, and there was enough conflict between her evidence and that submitted in behalf of the defendant, to render necessary at least some reference, in the charge of the court, to the case made by the defendant. We doubt not it was an inadvertence on the part of the presiding judge not to have mentioned the defendant's side of the case at all, but it was certainly an error of sufficient magnitude to require a new trial.

5. The request to charge that " The jury must find a

verdict on the acts of negligence alleged in the declaration," was properly refused. The declaration was not based on mere negligence. It alleged actual ejection from the car. Doubtless the purpose of the request was to exclude a finding for the plaintiff based on any negligence not alleged in the declaration. Had the request been so shaped as to convey this idea, it should have been given; in view of the facts of the case, it was subject to be misunderstood and misapplied.

*Judgment reversed.*