## SOUTHERN RAILWAY COMPANY *v.* JORDAN.

1. In an action for a tort alleged to have been committed by the defendant to the plaintiff's person, it is not error to allow an amendment claiming exemplary damages, in which it is in effect alleged that the act complained of amounted to willful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences.
2. One of the charges excepted to was subject to the criticism that it authorized a double finding of damages for wounded feelings, and the court erred in not granting a new trial on account of this error.

Argued June 24,—Decided December 20, 1907.

Action for damages. Before Judge Reagan. Pike superior court. October 22, 1906.

Citations from briefs, as to damages: Civil Code, §§3906, 3907; *Ga. R.* 88/763; 79/358; 91/813; 93/457; 102/474; 112/127; 116/624; 126/466; 128/814; 1 *Ga. App.* 821; Hopk. Per. Inj. §693; Wat. Per. Inj. §§395-397; 52 Fed. 264; 62 Ill. 313; 79 Ill. 567; 46 Kans. 109; 65 Miss. 14.

*Charlton E. Battle,* for plaintiff in error.

*Smith, Berner, Smith & Hastings,* contra.

FISH, C. J. Mrs. Nannie Jordan brought an action for damages against the Southern Railway Company, alleging, in substance, that while a passenger on one of defendant's trains she was unnecessarily required by the conductor thereof to leave a coach where

she had been riding in a comfortable seat, and to go out into the cold at night, and into another coach where, by reason of its extremely overcrowded condition, she was forced to ride, for the remainder of her journey, in a smoking apartment, which was very uncomfortable and unpleasant to her, because greatly crowded with men, some of whom were smoking and drinking; and by reason of all of which she was made ill and caused to suffer much mental and physical pain, and made to keep her bed for several days. Over the defendant's objection, an amendment to the petition was allowed, alleging, in substance, that the conductor who ordered her to change from one car to the other knew of the crowded and otherwise uncomfortable condition of the car to which she was ordered by him to go, and that she would be exposed to all of the discomforts and suffering which she had to undergo by reason of the change from one car to the other, and that this conduct of the conductor was such a gross, willful, and malicious violation of the duty defendant owed the plaintiff as a passenger as to entitle her to exemplary damages. There was a verdict for $525 in favor of the plaintiff. The defendant moved for a new trial, which motion was overruled, and it excepted, assigning error upon the allowance of the amendment and upon the refusal of a new trial.

1. The court did not err in allowing the amendment to the petition, as the allegations of the amendment charged willful misconduct by the conductor, or such entire want of care on his part as would raise the presumption of a conscious indifference by him to the consequences to the plaintiff of a compliance by her with his order. *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000).

2. One ground of the motion for a new trial was, that the court erred in instructing the jury as follows: "She [plaintiff] alleges that the wrongful conduct of the agents of the defendant company wounded her feelings, and asks damages for wounded feelings. If there was a tort or wrong done her by the defendant company and it caused her wounded feelings, then she would be entitled to recover damages for this. Then in addition to this, gentlemen, she asks that she be allowed additional damages as exemplary damages on account of the wrongful conduct of the defendant company. Now, this is the rule as to that: In every tort there may be aggravating circumstances either in the act or intention, and in that

event the jury may give additional damages, either to. deter the wrong-doer from repeating the transgression, or as compensation for the wounded feelings of the plaintiff. Gentlemen, before the plaintiff would be entitled to recover additional damages as exemplary damages, it must appear that there were aggravating circumstances either in the acts or intention of the agents or employees of the defendant company." One of the exceptions to this charge was, that it authorized a double finding by the jury for wounded feelings. We think this exception well taken, as it will be seen that the court instructed the jury that the plaintiff would be entitled to recover damages for wounded feelings, if her feelings had been wounded by a tort committed on her by defendant, and then further instructed the jury that, in addition to such damages, the plaintiff asked that she be allowed exemplary damages, on account of the wrongful conduct of defendant's agents, and in effect charged that the plaintiff would be entitled to recover such additional damages for wounded feelings, if it appeared that there were aggravating circumstances either in the acts or intention of the agents of the defendant. This authorized a double finding for wounded feelings. Under the provisions of the Civil Code, §3906, which the court, in substance, gave to the jury, exemplary or punitive damages are allowed, where there are aggravating circumstances, as compensation for wounded feelings, or to deter the wrong-doer from repeating the trespass. The plaintiff was, therefore, not entitled to recover damages for wounded feelings caused by a tort committed upon her by the defendant, and, in addition thereto, exemplary or punitive damages for wounded feelings, which would be for the same thing.

Error was assigned upon the following charge: "The jury are to take all the proven facts and circumstances and assess the damages and do right between the parties." The exception to this instruction was, that it was an expression of opinion by the court that such facts and circumstances had been proved as authorized the plaintiff to recover. This extract from the charge, considered by itself, seems open to the criticism made thereon; but when taken in connection with what immediately preceded and what immediately followed it, as shown by the entire charge sent up with the record, it is doubtful if it is open to the objection made. However, as a new trial will be granted for the erroneous charge noted

above, we deem it unnecessary to make an express ruling on the question here raised, as the judge will no doubt, upon the next trial, avoid using language liable to the construction that it is an expression or intimation of his opinion as to the facts of the case.

Some of the grounds of the motion for a new trial are not referred to in the brief of counsel for plaintiff in error, and some of the questions made by the motion are not likely to arise upon another trial. For these reasons such grounds are not dealt with.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*