### 13532.  HOOKS v. SANFORD.

BELL, J.  1. This was an action against the proprietor of a hotel, for injuries alleged to have been inflicted by the manager upon the plaintiff while a guest therein. The evidence offered by the plaintiff tended to show that while the plaintiff was complaining to a clerk at the hotel's office that the charge for a meal to which the plaintiff had just been served was excessive, the manager voluntarily responded to the complaint with opprobrious words, followed by an assault and battery upon the plaintiff. *Held*, that the inference was authorized that the difficulty which led to the alleged assault and battery arose out of and in connection with the business of the principal which the manager had authority to transact, and therefore that the injury was committed in the prosecution and within the scope of the proprietor's business, as was the inference that at the time of the injury the defendant was not in the exercise of ordinary care for the safety of his guest. Civil Code (1910), § 4413; *Seaboard Air-Line Railway* v. *Arrant*, 17 *Ga. App.* 489 (2) (87 S. E. 714); *Georgia Railroad &c. Co.* v. *Richmond*, 98 *Ga.* 495 (25 S. E. 565); *Savannah Electric Co.* v. *Wheeler*, 128 *Ga.* 550 (2) (58 S. E. 38, 10 L. R. A. (N. S.) 1176); *Century Building Co.* v. *Lewkowitz*, 1 *Ga. App.* 636 (57 S. E. 1036).

(*a*) Under such circumstances and where also the jury were instructed that no liability of the defendant would arise unless the injury was inflicted

*within* the scope of the manager's authority, and that the defendant owed to the plaintiff only the duty of ordinary care, and where no exception to any charge or ruling of the court is taken in relation to the degree of care which was owing by the defendant to the plaintiff as a guest within his hotel, the question as to the degree of care which was owing by the defendant to the plaintiff, or whether the defendant as an innkeeper would not be liable for the torts of his employees committed upon the guest *without* the scope of their employment, is in no wise presented by the record; and in such a case the court cannot legitimately enter into a decision of these questions, notwithstanding the invitation in the briefs of the attorneys for the defendant (here the plaintiff in error) that the court should do so.

(*b*) Therefore the degree of care which a hotel-keeper owes to his guests cannot in this case be decided.

2. "This not being a case where the entire injury sued for was to the peace, happiness, or feelings of the plaintiff, it was reversible error for the court to instruct the jury that they should weigh 'the worldly circumstances of the parties.' *Georgia Railroad* v. *Homer*, 73 *Ga.* 251 (1), 257; *Atlanta Consolidated Street Ry. Co.* v. *Hardage*, 93 *Ga.* 457 (3) (21 S. E. 100); *Southern Railway Co.* v. *Phillips*, 136 *Ga.* 282 (71 S. E. 414)." *Central of Ga. Ry. Co.* v. *Newton*, 23 *Ga. App.* 96 (3) (97 S. E. 553). Furthermore, sections 4503 and 4504 of the Civil Code (1910) should not have been given in such connection as probably to confuse the jury into believing that they might legitimately allow damages under both sections and thereby double the recovery for one and the same cause. The former of these sections was the one more applicable to the case at bar, and, this being given, the latter section which embraced the instructions on "worldly circumstances" should have been omitted from the charge entirely. *Georgia Railway &c. Co.* v. *Davis*, 6 *Ga. App.* 645 (2) (65 S. E. 785); *Central of Ga. Ry. Co.* v. *Almand*, 116 *Ga.* 780 (2) (43 S. E. 67); *Southern Railway Co.* v. *Jordan*, 129 *Ga.* 665 (2) (59 S. E. 802).

3. None of the other instructions were subject to the exceptions taken; and, solely for the reasons set forth in the preceding paragraph, the court erred in overruling the motion of the defendant for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 15, 1923.

Action for damages; from city court of Macon — Judge Gunn. March 31, 1922.

*Brock, Sparks & Russell,* for plaintiff in error.

*Hunter & Daly,* contra.