### 25937. FRANKLIN *v.* EVANS.

DECIDED JANUARY 22, 1937.

*Bynum & Frankum, Claude D. Hughes,* for plaintiff in error.
*Robert McMillan, Robert McMillan, Jr.,* contra.

GUERRY, J. S. L. Evans brought suit against Mrs. Martha Franklin for slander, alleging that the defendant uttered defamatory words about the plaintiff charging him with being a thief. The jury returned a verdict for $100. To charge that another is a thief is actionable per se in this State. *Tillman* v. *Willis,* 61 *Ga.* 433. The Code, § 105-2002, declares: "In every tort there may be aggravating circumstances, either in the act or the inten-

tion, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." In the present suit the only damages sought to be recovered are for the injury to the "peace, happiness, or feelings of the plaintiff," for which "no measure of damages can be prescribed, except the enlightened conscience of impartial jurors." Code, § 105-2003. The question to be decided is whether, since in such a case the "enlightened conscience" of impartial jurors is to be the measure of damage to the plaintiff for wounded feelings, under § 105-2003, it is proper to charge that part of § 105-2002 which, in a case where there are aggravating circumstances, allows additional damages "as compensation for the wounded feelings of the plaintiff." § 105-2002. To do so, counsel for defendant holds, is to allow double compensation for wounded feelings. It was of course clearly proper to give § 105-2003, in charge. Without such a charge the jury would have been without a measure in determining the extent of the plaintiff's damages. In *Southern Railway Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802), the Supreme Court said: "One of the exceptions to this charge was that it authorized a double finding by the jury for wounded feelings. We think this exception well taken, as it will be seen that the court instructed the jury that the plaintiff would be entitled to recover damages for wounded feelings, if her feelings had been wounded by a tort committed on her by defendant, and then further instructed the jury that, in addition to such damages, the plaintiff asked that she be allowed exemplary damages on account of the wrongful conduct of defendant's agents, and in effect charged that the plaintiff would be entitled to recover such additional damages for wounded feelings, if it appeared that there were aggravating circumstances either in the acts or intention of the agents of the defendant. This authorized a double finding for wounded feelings. Under the provisions of the Civil Code, § 3906 [1933, § 105-2002], which the court, in substance, gave to the jury, exemplary or punitive damages are allowed, where there are aggravating circumstances, as compensation for wounded feelings, or to deter the wrong-doer from repeating the trespass. The plaintiff was, therefore, not· entitled to recover damages for wounded feelings caused by a tort committed upon her by the defendant, and, in addition thereto, exemplary or

punitive damages for wounded feelings, which would be for the same thing." This court, following the *Jordan* case, supra, said, in *Georgia Ry. & Electric Co.* v. *Davis*, 6 *Ga. App.* 645 (65 S. E. 785) : "It is erroneous to instruct the jury that they can give compensatory damages for wounded feelings and additional punitive damages, in the event aggravating circumstances appear, for the purpose of deterring the wrong-doer or compensating the plaintiff for wounded feelings. There can be no double recovery of damages for the purpose of compensating the plaintiff for wounded feelings." In the *Davis* case, the court said : "The law does not allow a man to be compensated twice for his wounded feelings; and the jury can not, after giving him the sum which their enlightened consciences tell them will fairly compensate for wounded feelings, give an additional sum under the head of punitive damages, for the purpose of compensating him for wounded feelings. If in any event both compensatory and punitive damages may be recovered for wounded feelings, the punitive damages should be assessed for the purpose of deterring the wrong-doer, and not for the purpose of compensating the plaintiff."

In *Barker* v. *Green,* 34 *Ga. App.* 574 (130 S. E. 599), this court said : "Whether to give in charge the provisions of § 4503 and also § 4504 in a case of this sort [the case being one for slander] would be error, as tending to authorize a double recovery, and whether § 4503 could not be applicable at all in a slander case, are questions not presented by the present record or referred to in the briefs, and this decision is not to be understood as adjudicating either of these questions." No special damages were prayed for in the present case. We are of the opinion that in this case, to give in charge that part of § 105-2002 which allows, in. a case where there are aggravating circumstances in the commission of the tort, either in the act or the intention, additional damages "as compensation for the wounded feelings of the plaintiff," was erroneous as allowing double compensation for the same injury. We see no reason why it is not permissible to give that part of § 105-2002 which allows additional damages for the purpose of deterring the wrong-doer from a similar trespass. It is true, as stated in the *Jordan* and *Davis* cases, supra, that double damages are not to be awarded for wounded feelings. However, damages awarded the plaintiff for the purpose of deterring the wrong-doer

from a similar trespass do not appear to us to be compensatory damages for wounded feelings, but merely damages awarded the plaintiff to protect him from a future similar injury on the part of the defendant. The judge therefore erred in giving in charge that part of § 105-2002, which allows additional compensation "as compensation for the wounded feelings of the plaintiff." This was covered by § 105-2003. In the present case we are not inclined to think the jury was misled, by this erroneous charge, into giving larger damages than if it had not been given. However, the erroneous charge is presumptively harmful, and a new trial must be awarded. This case illustrates very forcibly the reason for the adoption of the rule that exceptions to the charge of the court should be noted at the trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*