27794. UNIVERSAL CREDIT COMPANY *v.* STARRETT.

DECIDED NOVEMBER 25, 1939.

*John B. Morris, Harry S. McCowen,* for plaintiff in error.
*W. L. Hailey,* contra.

STEPHENS, P. J. O. B. Starrett instituted suit against Universal Credit Company. The plaintiff alleged that he bought an automobile from Lowe Motor Company, giving notes for part of the purchase-price; that at the time the automobile was worth $300, was delivered to him, and remained in his possession until it was forcibly taken away from him by the defendant; that the notes which he executed for part of the purchase-price were transferred to the defendant who left the collection of the notes with Charles E. Lowe, doing business as Lowe Motor Company, who was the agent of the defendant for the collection of the notes; that the plaintiff paid the "note" to Lowe as the agent of the defendant, and Lowe received the entire amount due on the note and executed to the plaintiff a receipt for the entire note; that the defendant disregarded this payment to its agent and came to the plaintiff's home and demanded that the plaintiff pay said note again or surrender the automobile, and the plaintiff refused to do so; that on his refusal to deliver the automobile to the agents of the defendant they told him that they intended to take the automobile; that he begged

them not to seize it but to see Mr. Lowe before doing anything further as he had paid the entire purchase-price to Mr. Lowe, but the agents, acting under the instructions of the defendant, disregarded his request and seized the automobile without any warrant or legal authority or legal process; that the defendant's agents drove the automobile away and placed it somewhere unknown to plaintiff and deprived him of the use and value thereof at the time when he needed it most as he was using it as his only method of travel to and from market in the purchase of necessary supplies to plant his crop, and as a method of transporting labor necessary to his farming operations; that he was injured and damaged and was unable to successfully plant and cultivate his crop; that the illegal seizure of the automobile caused him and his family great embarrassment and humiliation because of the general knowledge in the neighborhood and in the county that the defendant had seized his automobile; that his friends and neighbors were led to believe that he had not paid for the automobile and was unwilling to do so; that his credit was injured and damaged by the seizure of his automobile, and the impression was left on the public that he would not pay his debt, when in fact he had paid the full purchase-price; that on April 9, 1937, the defendant's agents brought what remained of the automobile back to his home at a time when he was not at home; that a few hours after the automobile had been placed in the yard he examined it and found that it would not run, and that it had been used and abused to such an extent that it was practically valueless. By an amendment to the petition the plaintiff asked that punitive damages be awarded.

The defendant filed an answer denying nearly all of the allegations of the petition, and alleging that the automobile was purchased by the plaintiff from Lowe Motor Company under a conditional-sale contract which Lowe sold and assigned to the defendant; that the contract provided that on default in the payments prescribed therein the defendant would have the right to repossess the automobile and resell it for the purpose of crediting the proceeds on the outstanding balance of said contract; that on or about April 10, 1937, the contract was in default, and the full outstanding balance of $76 was due and payable because the plaintiff had failed to pay the monthly instalment of $19 due on the contract on March 9; that because of such default the defendant repossessed

the automobile for the purpose of reselling it, but on account of the plaintiff's objections did not resell it but returned it to him, and that thereafter the balance on the contract was paid to the defendant by C. E. Lowe. The jury found for the plaintiff in the sum of $600. The defendant moved for a new trial on the general grounds and on several special grounds. The motion for new trial was overruled and the defendant excepted.

◼ In the first special ground of the motion the defendant alleges that the court erred in giving in charge to the jury the Code, § 105-2003, which reads as follows: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed. The verdict of a jury in such a case should not be disturbed, unless the court should suspect bias or prejudice from its excess or its inadequacy." The complaint of this instruction is that it was materially harmful, was not applicable, and was not warranted by the pleadings or evidence for the reason that this was not a case where the entire injury sued for was to the peace, happiness or feelings of the plaintiff; that the suit was to recover the value of a certain automobile and damages for being deprived of its use. It may be noted that the court in another part of the charge stated: "The plaintiff in order to recover damages for wounded feelings need not prove any amount, or swear to any amount, though he must prove that he is entitled to that class of damages. The enlightened conscience of the jury is the guide the law prescribes in such cases. The jury can give such damages as the circumstances of each case require, if such circumstances in their opinion require any damages at all." Under the decision of this court in *Hooks* v. *Sanford*, 29 *Ga. App.* 640 (116 S. E. 221), it was error to give this instruction, especially in view of the fact that immediately before giving it the court had charged the provisions of Code, § 105-2002, allowing additional damages where there are aggravating circumstances, either to deter the wrongdoer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff. Instructions which permit recovery for wounded feelings under the Code, §§ 105-2002 and 105-2003, are improper and are cause for granting a new trial.

*Southern Ry. Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802). See *Southern Grocery Stores* v. *Smith,* 59 *Ga. App.* 631 (1 S. E. 2d, 762).

The charges complained of in the second and third grounds of the motion for new trial authorizing the jury to find for the plaintiff a sum equal to the loss sustained by the plaintiff from not having the use of his car are subject to the objection that there was no evidence whatever which would enable the jury to estimate the amount lost by the plaintiff in this way.

The court erred in not granting a new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*