HALE *v.* HALE *et al.*

No. 15101.   MARCH 7, 1945.

*Roberts & Roberts,* for plaintiff in error.

*A. M. Kelly,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ One special ground of the motion for new trial complains that the court erred in allowing Mrs. Mary L. Hale to testify that her husband contributed to a fund that was used by the church in purchasing the land on which the cemetery was located, and that subsequently a lot was set apart to him. "It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence of the fact, although there is also written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, as to which the writing is merely collateral or incidental. In such a situation the rule requiring production of original writings has no application. 20 Am. Jur. 366, § 405. On a question of payment, while documentary evidence as to the manner of payment, such as a receipt or canceled check, 'would add probative value to the proof relied on to establish the [payment], the act [itself] is the essential fact to be shown.' *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App.* 144 (95 S. E. 746)." *Hicks* v. *Hicks,* 196 *Ga.* 541 (3) (27 S. E. 2d, 7). Accordingly, it was not error to admit parol testimony by Mrs. Hale that her husband contributed to a fund used by the church in purchasing the land, over the objection that the evidence was immaterial, illegal, prejudicial to the defendant, and that the church records would be the highest and best evidence. Furthermore, the defendant could not have been hurt by her testimony since the uncontradicted evidence showed that the church authorities did not require any membership as a prerequisite to obtaining a lot, and that there were no rules or regulations. Nor was it error, in the absence of any showing that the church kept a record on such matters, to permit the witness to testify that a lot had been set apart to her husband.

■ Another special ground of the motion complains because the judge instructed the jury: "Now, it is contended by the plaintiffs in this case that the defendant acted in a reckless disregard of the rights of the plaintiffs equivalent to an intentional violation of them, and for that reason the plaintiffs are entitled to exemplary damages. You are instructed that in every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." The criticism is that the above charge, which stated the provisions of the Code, § 105-2002, was not authorized by the facts and evidence adduced upon the trial, and was harmful and prejudicial to the defendant's cause. "In a suit for damages for wrongfully disinterring a dead body, if the injury has been wanton and malicious, or is the result of gross negligence or a reckless disregard of the rights of others, equivalent to an intentional violation of them, exemplary damages may be awarded, in estimating which the injury to the natural feelings of the plaintiff may be taken into consideration." *Jacobus* v. *Congregation of the Children of Israel,* 107 *Ga.* 518 (2) (33 S. E. 853, 73 Am. St. R. 141). "One who is the owner of the easement of burial in a cemetery is entitled to recover damages from any one who wrongfully interferes with such right." *Phinizy* v. *Gardner,* 159 *Ga.* 136 (125 S. E. 195). "While it is well settled that for mere negligence one can not recover damages for mental pain and anguish unless there has been damage to person or purse, it is equally well established that for a wanton and wilful tort or for a reckless disregard of the rights of others, equivalent to an intentional tort by the defendant, the injured party may recover for the mental pain and anguish suffered therefrom." *Pollard* v. *Phelps,* 56 *Ga. App.* 408 (193 S. E. 102).

Counsel for the defendant recognizes the above principle, but insists that in the instant case there was "absolutely no evidence of wilful or wanton disregard of the rights of others." The evidence for the plaintiffs tended to show that the Mount Vernon Church acquired in 1902 land to be used as a cemetery; that within three or four years thereafter the church authorities staked off a lot to Emmett J. Hale, which was subsequently inherited by the plaintiffs, and that they had been in peaceable possession of the

lot for more than 20 years; that, on discovering the defendant's use of part of their lot, they wrote him that he had buried his wife "in the place reserved for Ruth, by the side of her baby," and requested him to remove his wife's body; that he did not reply to the letter, but attempted to change the markers so as to divide their lot. The above facts, considered in connection with all the circumstances of the case, were, if believed by the jury, sufficient to authorize a finding that there had been such a reckless disregard of the plaintiffs' rights as to be equivalent to an intentional violation of them. Accordingly, the trial judge did not err in charging on the question of exemplary damages.

■ The evidence for the plaintiffs, fully set out in the statement of facts, showed that they, as the widow and children of Emmett J. Hale, had inherited his interest in a 30-foot square which had been set apart to him by the Mount Vernon Church as a burial lot, and had been in peaceable possession of this lot for more than twenty years, during which time members of the family had been buried there; also, that the keeper of the cemetery recognized their right to the lot. There was evidence for the defendant that, instead of setting aside two 30-foot squares, one to Emmett and one to Otis Hale, the church had set apart three 20-by-30-foot lots; and that the defendant had buried his wife on the lot set aside to him and his brother Warner.

In view of the above testimony, it was not necessary for the plaintiffs to have a deed before they could bring the action. "Where one is permitted to bury his dead in a public cemetery by the express or implied consent of those in control of it, he acquires a sort of possession in the spot in which the body is buried." *Rivers v. Greenwood Cemetery,* 194 *Ga.* 524, 525 (22 S. E. 2d, 134). Though conflicting, the evidence was sufficient to support the verdict, and the court did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*