29622. WESTVIEW CEMETERY, INC. v. BLANCHARD.

GUNTER, Justice.

This court granted the application for writ of certiorari of Westview Cemetery, Inc., to address two questions.

1. May additional damages be awarded under Code § 105-2002 where the entire injury is to the peace, happiness or feelings of the plaintiff within the meaning of Code § 105-2003?

2. Is a public health permit required under Code Ann. § 88-1717 to disinter and reinter a burial vault within the same cemetery?

This litigation began when Blanchard brought a tort action against Westview for wrongfully moving the body and grave marker of her late husband from the original grave site to another within the same cemetery. Westview won a summary judgment in the trial court, and the Court of Appeals affirmed (124 Ga. App. 195 (183 SE2d 399) (1971)). This court reversed (228 Ga. 461 (186 SE2d 92) (1972)), adopting in most respects the position of the dissenters in the Court of Appeals. However, this court declined to decide whether a health permit is required to disinter and reinter within the same cemetery.

The case was then tried before a jury. Blanchard was awarded a verdict of $15,000 actual and $85,000 "punitive" damages. The trial judge granted a motion for new trial. Blanchard appealed. The Court of Appeals affirmed the grant of a new trial on the general grounds and also made several rulings of law to give guidance for the new trial. Westview applied for writ of certiorari, enumerating several of these rulings as error. This court granted the writ to review the following two rulings.

At trial, Westview requested the following instruction to the jury: "Ladies and Gentlemen of the jury, I charge you that under the laws of this state that govern this action, no permit was required for disinterment and reinterment within the same cemetery." The trial judge declined to give his instruction. The Court of Appeals affirmed (unanimously) on the ground that Code Ann. § 88-1717 (Ga. L. 1964, pp. 499, 591) does require a permit for disinterment and reinterment within the same cemetery.

In his closing argument to the jury, Blanchard's counsel explained that his client was seeking both compensation for "injury to her peace, feelings and happiness" and "punitive damages . . . to deter the wrongdoer." Continuing, counsel stated: "Well how do

you deter a corporation that is worth by their own testimony $66 million?" At that point, counsel for Westview objected to the argument, and the objection was sustained. The Court of Appeals found error in this ruling and held that, where the only injury is to "the peace, happiness, or feelings," a plaintiff may recover for that injury under Code § 105-2003 and, in addition, may in "aggravating circumstances" recover damages "to deter the wrongdoer" under Code § 105-2002. This holding was based on the ground that § 105-2003 allows only compensatory damages so that an additional award under § 105-2002 would not be a double recovery.

## A.

Code Ann. § 88-1717 establishes requirements that a "funeral director or person acting as such" obtain a permit prior to the burial, disinterment, or removal from the state of a "dead body." Subsections (a) through (d) pertain to burial and transit permits. The subsections here at issue state: "(e) A permit for disinterment and re-interment shall be required prior to disinterment of a dead body or fetus except as authorized by regulation or otherwise provided by law. Such permit shall be issued by the local registrar of the district in which the cemetery where the body was originally interred is located to a licensed funeral director, embalmer, or to the person acting as such upon application filed in accordance with the rules and regulations promulgated hereunder. (f) The department shall prescribe all regulations necessary to regulate the disposal, transportation, interment, and disinterment of dead human bodies to the end that requirements of vital registration are met and the protection of the public health promoted."

Westview argues that these provisions did not require Westview to obtain a permit in the case at bar for several reasons: (a) no rules and regulations have been promulgated under the statute; (b) the statute applies only to removal of bodies from one cemetery to another, not to disinterment and reinterment within the same cemetery; and (c) the statute does not apply to disinterment of bodies sealed in vaults.

The issue presented, however, is narrower than these arguments suggest. The only question before the court is

whether the requested instruction should have been given. It is not error to refuse to give an instruction that states an erroneous principle of law. *Cates v. Harris,* 217 Ga. 801 (125 SE2d 649) (1962). The requested instruction would be correct only if the statute were construed never to apply to disinterments and reinterments within the same cemetery. The Court of Appeals declined to adopt that construction, and this ruling is affirmed.

Code Ann. § 88-1717(e) contains no express exceptions. In its terms, it applies to all disinterments and reinterments, subject only to such reasonable rules and regulations as may be promulgated. The statutory purpose stated in subsection (f) to promote "the protection of the public health" would certainly be served in many cases of disinterment and reinterment within the same cemetery. It is not up to this court to write into the statute a specific exception. Westview's arguments should be addressed to the rule making authority in the absence of existing regulations. The burden is on the cemetery to secure a permit.

### B.

In determining the damages allowable where a plaintiff's whole injury is to "peace, happiness, or feelings," Code §§ 105-2001, 105-2002 and 105-2003 must be construed together.

Code § 105-2001 states: "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury is small, or the mitigating circumstances are strong, nominal damages only are given." Where there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying "mental pain and suffering" even though the tortious conduct complained of is merely negligent. See *Montega Corp. v. Hazelrigs,* 229 Ga. 126 (189 SE2d 421) (1972). Compare *Chapman v. Western Union Telegraph Co.,* 88 Ga. 763 (15 SE 901) (1882).

Code § 105-2002 states: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings

of the plaintiff." Under this section, damages are allowable either to deter the wrongdoer or to compensate for wounded feelings, but not both. *Johnson v. Morris,* 158 Ga. 403 (123 SE 707) (1924). Although this section does not speak of "punitive damages," the additional damages allowed are what would commonly be called "punitive" in that such damages are in addition to compensatory damages and in that the award is based not on the extent of the plaintiff's injury but on the aggravated nature of the defendant's conduct.

Code § 105-2003 states: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed. The verdict of a jury in such case should not be disturbed, unless the court should suspect bias or prejudice from its excess or inadequacy." This section does not create a cause of action for injury to peace, feelings or happiness but prescribes the measure of recovery where such a cause of action exists. *Chapman v. Western Union Telegraph Co.,* supra. If "mental pain and suffering" is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was "malicious, wilful, or wanton." *Montega Corp. v. Hazelrigs,* supra. The measure of damages under this section is unique in that the jury is permitted to consider the worldly circumstances of the parties. See *Atlanta Consol. St. R. v. Hardage,* 93 Ga. 457 (21 SE 100) (1893).

In the case at bar, the only injury was to the peace, feeling or happiness of the plaintiff; and the case was tried on that basis. The question posed is whether the plaintiff may recover both the damages allowed under § 105-2003 and damages to deter the wrongdoer under Code § 105-2002. This question must be answered by examining the extent to which the recovery allowed by § 105-2003 already includes such "punitive" damages as would be allowed under § 105-2002. There are several respects in which the damages allowable under § 105-2003 are analogous to those allowable under § 105-2002.

First, recovery where the only injury is to peace, feelings or happiness was disfavored at common law (*Chapman,* supra) and, accordingly, recovery is allowed only where the defendant's conduct is malicious, wilful, or wanton (*Montega,* supra). The *Montega* test for recovery for a purely mental injury is essentially the same as the test for recovery of "punitive damages." See *Standard Oil Co. v. Mt. Bethel &c. Church,* 230 Ga. 341 (196 SE2d 869) (1973).

Second, under § 105-2003, the jury is entitled to consider all the circumstances, including the "worldly circumstances" and any bad faith of the defendant. Thus, the jury is not restricted to consideration of circumstances relevant to compensation (i.e., the extent of the injury) but is entitled to consider as well circumstances relevant to deterrence (i.e., any aggravated aspects of the defendant's misconduct plus the defendant's "worldly circumstances").

Third, recovery for injury to peace, feelings, or happiness includes recovery for "wounded feelings"; and the latter is recognized as an alternate form of "punitive damages." *Johnson v. Morris,* supra.

Finally, this court appears to have expressly adopted the position that the damages allowable under § 105-2003 are, at least in part, "punitive damages." In *Baldwin v. Davis,* 188 Ga. 587 (4 SE2d 458) (1939), an action was brought for a wrongful levy under an execution, which was treated as an action for trespass. The plaintiff prayed for "punitive damages." The trial judge charged § 105-2002, including the language concerning wounded feelings, and § 105-2003. This court held that it was error to charge § 105-2003, on two grounds: (a) the worldly circumstances of the parties are not relevant except where the only injury is to peace, feelings or happiness; and (b) the charge to the jury permitted the recovery of double damages. The court stated: "A plaintiff is not entitled under these Code sections to 'a double finding of damages for wounded feelings.' *So. Ry. Co. v. Jordan,* 129 Ga. 665 (2), 667 (59 SE 802); *Ga. Ry. & Electric Co. v. Davis,* 6 Ga. App. 645 (2), 647 (65 SE 785). Nor can the jury 'assess damages for the double purpose of punishment and prevention,' or '*damages for . . . humiliation and*

*mortification . . . and also damages to punish and deter . . . from repeating the trespass or wrong.' Johnson v. Morris,* 158 Ga. 403, 405 (123 SE 707)." (Emphasis supplied.)

In *Wilson v. McLendon,* 225 Ga. 119, 121 (166 SE2d 345) (1969), this court, in upholding the constitutionality of § 105-2003 against an equal protection attack, stated: "It applies the same rule to rich and poor by permitting, as to each defendant, his worldly circumstances to be shown. This is a fair and equitable rule, as to *damages assessed for the purposes of deterring gross misconduct,* since the assessment of even a small amount of damages would be adequate punishment for a very poor man, whereas it would require the assessment of a much larger sum to be any punishment for a very wealthy man." (Emphasis supplied.)

In summary, § 105-2003 prescribes a special measure of recovery for a cause of action which was disfavored at common law. That measure permits the jury to consider both circumstances relevant to compensation for the extent of the injury and circumstances relevant to deterrence of the wrongdoer. Having considered all these circumstances, "the enlightened conscience of impartial jurors" should arrive at a verdict sufficient to both compensate and deter. Any additional recovery under § 105-2002 would be a double recovery.

We therefore affirm the judgment of the Court of Appeals but modify Divisions 3, 5, and 10 of that court's opinion so as to conform to what is stated herein. The case is remanded for further proceedings.

*Judgment affirmed with direction. All the Justices concur, except Jordan, J., who dissents from Division A, and Hill, J., who dissents from Division B.*

Argued March 10, 1975 — Decided May 20, 1975 — Rehearing denied June 17, 1975.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes,* for appellant.

*Burnside, Dye & Miller, Thomas R. Burnside, Jr.,* for appellee.

HILL, Justice, dissenting.

Code §§ 105-2002 and 105-2003 have long been the source of confusion. 8 EGL 65, Damages, § 42, n. 203. The majority has clarified the situation. However, I am unable to agree with the result.

As I understand the majority opinion, where a plaintiff seeks recovery of damages under Code § 105-2003, then no damages are allowable under Code § 105-2002, because (the majority says): "Any additional recovery under § 105-2002 would be a double recovery." Thus, the first question posed at the beginning of the opinion is answered in the negative.

This constitutes a change in the law of damages.

It is a change in that heretofore damages under Code § 105-2002 were allowable in suits for disinterring dead bodies and interfering with possession of cemetery lots. *Jacobus v. Congregation of Children of Israel,* 107 Ga. 518 (2) (33 SE 853); *Wright v. Hollywood Cemetery Corp.,* 112 Ga. 884 (5) (38 SE 94); *Hale v. Hale,* 199 Ga. 150 (2) (33 SE2d 441).

It is a change also in that heretofore Code §§ 105-2002 and 105-2003 could be given together in charge to the jury so long as the words "or as compensation for the wounded feelings of the plaintiff" from § 105-2002 were not given in charge, it having been held that those words allowed a double recovery for wounded feelings where recovery was also sought for injury "to the peace, happiness, or feelings of the plaintiff" under § 105-2003. *Southern R. Co. v. Jordan,* 129 Ga. 665 (2) (59 SE 802); *Franklin v. Evans,* 55 Ga. App. 177 (189 SE 722).

The impact of this change will not be limited to cemetery cases. The change will affect all recoveries under Code § 105-2003 where additional recovery could heretofore have been made under Code § 105-2002.[1]

---

[1]Note to Judges: The Note which precedes the suggested pattern jury instruction on "Aggravated (Punitive or Exemplary) Damages, *Jury Instructions, Civil,* XI Damages 13, p. 88, is, I believe, no longer a correct statement of the law. That Note probably should read: "This charge [based on Code § 105-2002] is not to be

Not only does the majority decision constitute a change in the law of damages; it is, in my view, an uncalled for change. In support of this view I refer to the discussion of Code §§ 105-1001 through 105-1003 in Division 10 of the opinion of the Court of Appeals in this case, 133 Ga. App. 262 (211 SE2d 135), adding only a brief additional comment.

Code §§ 105-2002 and 105-2003 are codifications of common law (see Editorial Notes to the Annotated Code). It is unfortunate that these codifications were overlapping. *Southern R. Co. v. Jordan,* supra;*Franklin v. Evans,* supra. In addition to the overlap shown by the *Jordan* and *Franklin* decisions, the second sentence of Code § 105-2003 ("The worldly circumstances of the parties, the amount of bad faith in the transaction . . ." etc.) would to me more appropriately be a part of § 105-2002. (Why should the worldly circumstances of the parties be admissible where the entire injury is to the peace, happiness, or feelings of the plaintiff, yet inadmissible to determine what amount may be necessary to deter the wrongdoer?) Thus, I agree with the majority that Code § 105-2003 contains elements of punitive damages.

No matter how much overlapping and lack of organization may exist in these two codifications of the common law, we should not repeal Code § 105-2002, even in part, when the two sections can be and have been harmonized and effectively applied.[2]

I respectfully dissent from the second division of the majority opinion.

---

given when charge 14 below, Vindictive Damages [based on Code § 105-2003], is given."

[2]See footnote 1 above.