52104, 52105. TRAVELERS INDEMNITY COMPANY v. GREENWOOD CEMETERY, INC. (two cases).

STOLZ, Judge.

This case arose out of a prior lawsuit styled *Bozeman v. Greenwood Cemetery, Inc.,* wherein Greenwood Cemetery, Inc. (hereinafter "Greenwood") was sued for the wrongful and wilful removal of a certain headstone by Greenwood. In that case, a judgment was rendered against Greenwood for "$1500 damages to plaintiffs' peace, feelings, and happiness, and $10,000 punitive damages" to deter the wrongdoer.

In this litigation, Greenwood is suing its liability insurance carrier, The Travelers Indemnity Co., to recover the punitive damages awarded in the judgment obtained by Bozeman. Travelers had previously paid the $1,500 compensatory damages for injury to the peace, feelings and happiness of the Bozeman plaintiffs. Both parties moved for summary judgment. Greenwood's was granted, Travelers' denied. Travelers appeals from both rulings. *Held:*

The case is controlled by *Westview Cemetery, Inc. v. Blanchard,* 234 Ga. 540, 543 (B) (216 SE2d 776). The essence of the holding is that where the only injury is to

the peace, feelings, or happiness (Code Ann. § 105-2003), the award of exemplary (punitive) damages (Code Ann. § 105-2002) amounts to a double recovery and is unauthorized.

The trial judge erred in granting summary judgment in favor of Greenwood Cemetery, Inc., and denying summary judgment in favor of The Travelers Indemnity Company.

Both judgments appealed from are reversed and the case is remanded to the trial court with direction that summary judgment be entered in favor of The Travelers Indemnity Company.

*Judgments reversed and remanded. Bell, C. J., and Clark, J., concur.*

Submitted April 6, 1976 — Decided June 8, 1976 — Rehearing denied July 6, 1976 —

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Scott M. Hobby,* for appellant.

*Hurt, Richardson, Garner & Todd, W. Seaborn Jones,* for appellee.

On Motion for Rehearing.

It is urged that in its opinion the court failed to resolve the primary issue in the case, that is, whether or not there was insurance coverage for Greenwood under its policy issued by Travelers which would make Travelers responsible for the "punitive damages" awarded against Greenwood. We thought we had done so, and felt the reference to the Supreme Court's decision in *Westview Cemetery, Inc. v. Blanchard,* 234 Ga. 540, 543 (B), supra, was sufficient. The most cursory comparison of the results in *Bozeman v. Greenwood Cemetery, Inc.* and *Westview Cemetery, Inc. v. Blanchard,* would show that both cases resulted in an *illegal* double recovery. Thus, even if there was insurance coverage, a judgment awarding damages pursuant to Code Ann. § 105-2003 for "wounded feelings" and exemplary damages pursuant to Code Ann. § 105-2002, is an illegal judgment

because it amounts to a double recovery. As an illegal judgment, it cannot be enforced. Here, Greenwood took it upon itself to pay $5,000 of the "punitive damage" award. In our opinion, this could almost be likened to a gratuity which would afford no basis for a claim against Travelers.

*Motion for rehearing denied.*