169 Ga. App. 236 (1983)
312 S.E.2d 349
WALKER
v.
BISHOP.
GEORGIA KRAFT COMPANY et al.
v.
BISHOP.
66522, 66523.
Court of Appeals of Georgia.
Decided November 18, 1983.
Rehearing Denied December 7, 1983.
*243 Claude A. Bray, Jr., John M. Taylor, Eugene G. Partain, R. Carl Cannon, for appellant (case no. 66522).
W. Gordon Hamlin, Jr., M. Kathryn O'Shields, Eugene G. Partain, R. Carl Cannon, John M. Taylor, A. Paul Cadenhead, E. Clayton Scofield III, Claude A. Bray, Jr., for appellants (case no. 66523).
James E. Butler, B. Randall Blackwood, for appellee.
BANKE, Judge, concurring specially.
Although the defendants raise no attack on the award of $175,600 in compensatory damages, I find no evidence whatsoever to suggest that Bishop suffered any physical injury or pecuniary loss as a result of the defendant's actions. This award was evidently based on the trial court's charge to the jury that they could award compensatory damages for "emotional pain and distress, mental anxiety, humiliation, inconvenience, annoyance, embarrassment, and fear of loss or reputation" in addition to punitive damages for deterrence.
"Where there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying `mental *244 pain and suffering' even though the tortious conduct complained of is merely negligent... If `mental pain and suffering' is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was `malicious, wilful, or wanton.'" Westview Cemetery v. Blanchard, 234 Ga. 540, 543, 544 (216 SE2d 776) (1975), citing Johnson v. Morris, 158 Ga. 403 (123 SE 707) (1924). In the latter event, such damages are, of course, considered punitive or exemplary rather than compensatory. See U. S. Shoe Corp. v. Jones, 149 Ga. App. 595 (8) (255 SE2d 73) (1979).
A plaintiff who has suffered no physical injury or pecuniary loss may assert a claim for punitive damages in one of two ways: (1) He may seek nominal damages for the tort and "additional damages for aggravating circumstances" pursuant to OCGA § 51-12-5 (former Code Ann. § 105-2002), or (2) he may recover damages for injury to his "peace, happiness or feelings" pursuant to OCGA § 51-12-6 (former Code Ann. § 105-2003). See U. S. Shoe Corp. v. Jones, supra at Division 9. Where the plaintiff seeks "additional damages for aggravating circumstances" pursuant to OCGA § 51-12-5 (Code Ann. § 105-2002), he may obtain a recovery either to compensate him for his "wounded feelings" or for deterrence of the wrongdoer, but not both, Westview Cemetery v. Blanchard, supra at 544. See also Johnson v. Morris, supra. Oddly enough, no such restriction applies to damages awarded for injury to the "peace, happiness, or feelings of the plaintiff" pursuant to OCGA § 51-12-6 (Code Ann. § 105-2003). According to Westview Cemetery, supra at 546, that statute "permits the jury to consider both circumstances relevant to compensation for the extent of the injury and circumstances relevant to deterrence of the wrongdoer." In addition, § 51-12-6 (Code Ann. § 105-2003) expressly permits consideration of the defendant's "wordly circumstances," something which is not permitted under § 51-12-5 (Code Ann. § 105-2002). See Hodges v. Youmans, 129 Ga. App. 481 (8), 486 (200 SE2d 157) (1973). See also Bob Maddox Dodge v. McKie, 155 Ga. App. 263 (3) (270 SE2d 690) (1980).
Bishop chose to seek punitive damages for deterrence pursuant to OCGA § 51-12-5 (Code Ann. § 105-2002), and the trial court charged the jury accordingly. Having suffered no actual injury or pecuniary loss, he was thus precluded from seeking any form of "compensation" for the mental or emotional distress he may have suffered at the defendants' hands. Accord, Woodbury v. Whitmire, 246 Ga. 349 (3) (271 SE2d 491) (1980).

ON MOTION FOR REHEARING.
On motion for rehearing, the defendants contend that we have *245 overlooked two important arguments which they asserted in their briefs and enumerations of error, the first being that they were "insulated from liability because Walker made a full, complete and truthful recitation of the facts to the Justice of the Peace, who then independently decided to issue the warrants," and the second being that the trial court erred in refusing to charge that one of the warrants was invalid because it was not signed by a judicial officer.
The central factual issue in this case is whether the defendants acted maliciously and without probable cause to procure the plaintiff's arrest under process of law, and one of the key determinations which the jury must make in resolving this question is whether Walker's recitation of facts to the justice of the peace was in fact "full, complete, and truthful." Walker, of course, claims that it was, while Bishop claims that it was not. This court obviously is not the appropriate forum to resolve this factual conflict. As for the contention that one of the warrants was not valid because it was not signed, the defendants conceded in their briefs that this enumeration of error was relevant only to the malicious prosecution claim, arguing that the reason the alleged error was harmful to them was "because any arrest under an invalid warrant may give rise only to a potential cause of action for false arrest."
In the name of judicial economy, the defendants further urge us to reconsider our ruling in Division 2 that Bishop's failure to assert his false arrest claim as a counterclaim to Georgia Kraft's prior suit against him does not operate to bar the present action. Specifically, they argue that "[i]n an age in which litigation has exploded to such a point that the courts are backlogged and cannot dispense justice quickly, the courts ought to disfavor any rule which would permit the recurrence of two trials as lengthy as those which have already occurred . . ." It strikes this court that the defendants' concern for a prompt and expeditious resolution of this litigation has not previously manifested itself. As emphasized in Division 2, when Georgia Kraft dismissed its suit against Bishop, it chose to do so without prejudice to its right to reassert the claim at a later date. It will not now be heard to argue that this dismissal defeated Bishop's rights while not affecting its own.
Motion for rehearing denied.