72448. EDWARDS et al. v. A. S. TURNER & SONS, INC.
(351 SE2d 505)

Benham, Judge.

When appellant White's minor son died, his ex-wife, who had custody of the child, made arrangements with White and his mother, appellant Edwards, for the child to be buried at the foot of his paternal grandfather's grave in a plot owned by Edwards in the City of Decatur Cemetery. Appellee, a licensed funeral establishment, conducted the burial. The mother of the child subsequently sought to reclaim her son's remains. Informed of the necessity of a permit for disinterment, the mother solicited the assistance of appellee, which agreed to procure the permit. Appellee sent the mother an application for the permit with instructions that she sign on a designated line and that she procure on another designated line the signature of the owner of the cemetery plot where her son was interred. The mother sent back the application with her signature and a note indicating that she had gotten advice from her attorney, from the City Attorney for the City of Decatur, and from the supervisor of the City of Decatur Public Works that a signature of the plot owner was not necessary. Appellee then submitted the application to the appropriate authority, received a permit, and delivered the permit to the sexton of the Decatur City Cemetery. The sexton delivered the remains of the child to the mother. Appellants subsequently brought suit against appellee for trespass and for intentional infliction of emotional distress. This appeal is from the grant of summary judgment to appellee.

1. As to the trespass count, the undisputed evidence shows that no agent of appellee entered onto appellants' cemetery plot or caused anyone else to do so. The child's mother procured the removal of her son's remains, and the sexton of the cemetery secured the remains and delivered them to the mother. All appellee did in connection with the disinterment was to perform an administrative function for which it is licensed. OCGA § 31-10-20 (i). Since there was no evidence that appellee either committed a trespass or caused another to do so, the grant of summary judgment on that count was appropriate.

2. Appellants' claim for intentional infliction of emotional distress is based on appellee's conduct in submitting the application for a disinterment permit without the signature of the plot owner.

"Where there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying 'mental pain and suffering' even though the tortious conduct complained of is merely negligent. [Cits.] . . . If 'mental pain and suffering' is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was 'malicious, wilful, or wanton.' [Cit.]." *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543-544 (216 SE2d 776) (1975). Since appellants made no claim of physical injury or pecuniary loss, their recovery against appellee depends on a showing that its conduct was malicious, wilful or wanton. Although appellants alleged in their complaint that appellee's acts were "egregious" and provided evidence that an agent of appellee was informed that appellant Edwards owned the cemetery plot involved, there was no evidence that appellee intended to interfere with appellants' interests or acted in reckless disregard of their rights. Instead, there was uncontradicted evidence that appellee was unaware of any conflict between the child's mother and appellants.

Although it is arguable that appellee was negligent in submitting an application not in compliance with Rule 290-1-3-.22, Rules of Department of Human Resources (which requires a signature by the plot owner), and in relying on the mother's assertion that such a signature was not required in this case, there is nothing in the record of this case to raise such arguable negligence to the level of malicious, wilful, or wanton conduct. It follows that summary judgment for appellee was also proper on the count alleging intentional infliction of emotional distress.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1986.

*Henry R. Stringfellow, John R. M. Whelan*, for appellants.
*William S. Goodman, Judy F. Aust*, for appellee.